**Morgan CANNON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42967.**

Court of Criminal Appeals of Texas.

July 15, 1970.

Rehearing Denied Oct. 14, 1970.

Richard Thornton, Galveston, for appellant.

Jules Damiani, Jr., Dist. Atty., Galveston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for murder; the punishment, eight years.

The evidence in the light most favorable to the verdict shows that appellant went to the home of his estranged common-law wife in Galveston. When she refused to leave with him, he stabbed her four times with a knife and then left in a cab. Sandra Fay Brumley, the ten-year-old sister of the deceased, was an eye-witness to the homicide, and most of the State's case is based upon her testimony.

Charles Langham, a cab driver, testified that on the night of the homicide he carried the appellant to a 15th Street address in Galveston and, at his request, waited for him. He saw appellant go up the stairs, and then he heard a scream and saw a woman tumble down the stairs. Appellant then walked down the stairs and told Langham to take him home. After appellant got in the cab, Langham saw what appeared to be a knife in his hand.

Langham testified that he did not know that the woman had died until the next day.

The evidence is sufficient to support the conviction.

■ Next, it is contended that the court erred in admitting the testimony of the ten-year-old witness, Sandra Fay Brumley, without any predicate having been laid. Appellant cites Article 38.06, Vernon's Ann. C.C.P., which provides, in part, as follows:

"All persons are competent to testify in criminal cases except the following:

"* * * Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath."

In Morgan v. State, 403 S.W.2d 150, this Court held that Article 38.06, supra, did not require the preliminary examination of a child as a witness where her competency was not raised in the trial court.

Appellant did not object to the testimony of Sandra Fay Brumley. She testified that she had passed to the sixth grade in school. Her testimony appeared to be logical. There is no showing that she was incompetent in any way. No abuse of discretion or error has been shown.

Lastly, appellant complains that the court should have charged on circumstantial evidence.

■ The evidence was direct and no charge on circumstantial evidence was required.

■ Further, no objection was made, and no request for a charge on circumstantial evidence is in the record. In the absence of an objection or request for such charge, nothing is presented for review. Pendleton v. State, Tex.Cr.App., 434 S.W.2d 694.

The judgment is affirmed.