**Ex parte Roy BARCELO.**

**No. 60379.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 28, 1979.

## OPINION

DALLY, Judge.

This is a post-conviction habeas corpus proceeding pursuant to the provisions of Art. 11.07, V.A.C.C.P.

On December 14, 1977, petitioner was convicted of the offense of delivering more than one-fourth ounce of marihuana in Cause No. 8518 on the docket of the 105th Judicial District Court of Upshur County. Punishment was assessed at imprisonment for five years, and sentence was pronounced.

■ It is petitioner's contention that the indictment in Cause No. 8518 does not charge a felony offense. We agree with petitioner's contention and set aside the conviction.

The indictment alleges that petitioner, on or, about October 27, 1977, "did then and there knowingly and intentionally deliver to Terry Davis marihuana, . . ." Although there is a finding in the judgment that the petitioner delivered more than one-fourth ounce of marihuana, apparently based on the evidence, the indictment does not allege that the amount of marihuana delivered was more than one-fourth ounce or that the delivery was made for remuneration.

The knowing or intentional delivery of marihuana is a class B misdemeanor if the accused delivers one-fourth ounce or less of marihuana without receiving remuneration. Controlled Substances Act, Sec. 4.05(d) and (f). Since the indictment under which petitioner was convicted failed to allege the amount of marihuana delivered or whether the delivery was for remuneration, it does not allege a felony offense. Controlled Substances Act, Sec. 4.05(d) and (f). *Suarez v. State*, 532 S.W.2d 602 (Tex.Cr.App.1976); *Whitaker v. State*, 572 S.W.2d 956 (Tex.Cr.App.1978); *Ex parte Osbourn*, 574 S.W.2d 568 (Tex.Cr.App.1978).

■ The State's contention that the appellant is not entitled to relief because he entered into a plea bargain and did not obtain the trial court's permission to appeal pursuant to Art. 44.02, V.A.C.C.P. is without merit. As we construe Art. 44.02, V.A.C.C.P. it does not apply to habeas corpus proceedings. Since the allegations of the indictment were insufficient to allege a felony, the district court did not have jurisdiction and the conviction is subject to collateral attack. *Ex parte Osbourn*, supra.

The relief prayed for is granted and the conviction in Cause No. 8518 is set aside.

It is so ordered.