Hector SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 58079.

Court of Criminal Appeals of Texas,
Panel No. 2.

June 27, 1979.

Rehearing En Banc Denied Sept. 19, 1979.

Joseph S. Chagra, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Miguel J. Cervantes, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

## OPINION

DOUGLAS, Judge.

This appeal is from a conviction for possession of heroin. The punishment, enhanced under V.T.C.A., Penal Code, Section 12.42, was assessed by the jury at fifty years.

■ The sufficiency of the evidence is challenged.

On the evening of November 6, 1976, Officers Dennis Hughey and Pedro Mendoza of the El Paso Police Department were patrolling in an unmarked car in a high crime area of the city. They observed an automobile with its dome light on parked in an alley. The officers turned off their headlights and parked behind the vehicle. Appellant, a passenger in the front seat, was seen showing a syringe to two people in the back seat. The officers, in plain clothes, then walked past the car and saw appellant holding a syringe with a bottle cap. The glove compartment lid was down with several articles laying on top of it and a bottle full of water was between appellant and the driver.

The officers returned to the vehicle, opened the front doors simultaneously and arrested the occupants. During a search of the vehicle, two syringe caps, a bottle cap and a small piece of cardboard containing a brown powdery substance, later proved to be heroin, were found on the glove compartment lid which had been down in front of appellant. Two syringes and a balloon were also recovered.

Being bound to review the evidence in a light most favorable to the verdict, we hold that it is amply sufficient to support each element of the offense and the jury's verdict. See *Mendoza v. State*, 583 S.W.2d 396 (Tex.Cr.App.No. 55,827, April 18, 1979); *Hernandez v. State*, 538 S.W.2d 127 (Tex. Cr.App.1976).

Next, appellant contends the court erred in admitting the evidence discovered in the vehicle because it was acquired as a result of an illegal search.

■ After the officers saw appellant display the syringe and other paraphernalia, they had probable cause to arrest him. *Jones v. State*, 565 S.W.2d 934 (Tex.Cr.App. 1978); *Myre v. State*, 545 S.W.2d 820 (Tex. Cr.App.1974); *Parker v. State*, 544 S.W.2d 149 (Tex.Cr.App.1976). The physical items were found on the open lid of the glove compartment and in plain view of the officers as they were standing on a public street pursuant to a lawful arrest and investigation. The search, therefore, was reasonable. *Jones v. State*, supra; *Myre v. State*, supra; *Hunnicutt v. State*, 531 S.W.2d 618 (Tex.Cr.App.1976); *Hooper v. State*, 516 S.W.2d 941 (Tex.Cr.App.1974), and cases cited therein. No error is shown.

■ Complaint is made of the admission of certain oral statements made by appellant while under arrest to the arresting officers. At the trial the officers were allowed to testify over objections that after his arrest appellant had stated that they were lucky that they caught him, and he inquired about how he had been caught and if someone "had squealed on him."

In the recent case of *Earnhart v. State*, 582 S.W.2d 444 (Tex.Cr.App.No. 57,245, June 20, 1979), the defendant had been placed under arrest for murder when he went to a bedroom to get a shirt. He picked one up but then remarked to a policeman: "It's got blood on it. I want to get a clean one." This Court held that the statement was admissible because it was voluntary and was not made in response to any inquiry by the policeman nor the product of interrogation. See Article 38.22(5), V.A.C.C.P.; *Larocca v. State*, 479 S.W.2d 669 (Tex.Cr.App.1972); *Walker v. State*, 470 S.W.2d 669 (Tex.Cr.App.1971).

In the instant case the record shows that the statements of appellant were voluntary, not a product of interrogation and not made in response to an inquiry by the officers. Accordingly, the statement was admissible.

■ Appellant next asserts it was error to admit evidence of extraneous transac-

tions between him and Officer Mendoza. Mendoza testified that he recognized appellant in the car because of "prior dealings with him." This testimony was not objected to. Therefore, any error was waived. *Kemner v. State,* 589 S.W.2d 403 (Tex.Cr. App.No. 55,786, June 13, 1979); *Dinn v. State,* 570 S.W.2d 910 (Tex.Cr.App.1978); *Rodriquez v. State,* 417 S.W.2d 165 (Tex.Cr. App.1967).

■ Appellant's next ground of error contends that it was error for the court to allow the prosecution to argue as follows:

" . . . If for some reason you should say not guilty by your verdict, you will be saying something to this community, to this man. You will be saying something to him about how easy it is to get away with it in El Paso, County. You will be saying something to other people about how easy it is to get away with this sort of thing and ignore our laws in El Paso, County. . . ."

The argument was a valid plea for law enforcement and appellant's failure to object waived his right to complain on appeal.

Appellant also contends that the following arguments constituted reversible error. At the guilt stage the State argued:

"I don't have to tell you the problem we have here about heroin or other parts of the country."

At the punishment stage the prosecution argued:

"Common knowledge tells us that heroin is a very expensive substance and heroin habits can be very expensive habits. Does he have to burglarize and steal to support that habit?"

There was no objection to either argument and consequently any error was waived.

Finally, appellant contends that his conviction is void because his court-appointed counsel did not render effective assistance.

■ The test to be applied in determining whether counsel has provided constitutionally satisfactory services is the "reasonably effective assistance" standard. *Harrison v. State,* 552 S.W.2d 151 (Tex.Cr.App. 1977); *Ex parte Gallegos,* 511 S.W.2d 510

(Tex.Cr.App.1974). This is to be gauged by the totality of the representation and the allegations will be sustained only if they are firmly founded. *Ex parte Ewing,* 570 S.W.2d 941 (Tex.Cr.App.1978); *Williams v. State,* 549 S.W.2d 183 (Tex.Cr.App.1977); *Ex parte Prior,* 540 S.W.2d 723 (Tex.Cr. App.1976). An accused, however, is not entitled to errorless counsel whose competency or adequacy is to be judged by hindsight. *Ex parte Prior,* supra.

■ In the case at bar the court-appointed defense counsel conducted extensive voir dire and obtained a hearing on appellant's motion to suppress. The State's witnesses were cross-examined at length; there were objections to certain testimony and a motion for an instructed verdict was filed. The fact that another attorney might have tried the case differently does not show that there was inadequate representation. *Williams v. State,* supra. *Rockwood v. State,* 524 S.W.2d 292 (Tex.Cr.App. 1975). Based on the record before us, we conclude that appellant received effective assistance of counsel and that no legal duty owed to him was breached.

The judgment is affirmed.