Mark Houston KOLBERT, Appellant,

v.

The STATE of Texas, Appellee.

No. 58487.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 19, 1979.

Robert M. Rose, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Stephen J. Wilensky, and Les S. Eubanks, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

The conviction was for the possession of opium. The court assessed punishment at fifteen years.

Kolbert, on appeal, argues that the indictment is fundamentally defective because it cannot be ascertained whether a felony or misdemeanor is charged.

The indictment alleges that Kolbert did ". . . knowingly and intentionally possess a controlled substance, namely, opium."

The Controlled Substances Act, Article 4476–15, Section 4.02, V.A.C.S., sets out various penalty groups and the drugs assigned to each. Opium and its extracts, including tincture of opium, are assigned to Penalty Group 1 as a second degree felony. Penalty Group 3, which provides for punishment as Class A misdemeanors, includes narcotics that are "not more than 500 milligrams of opium per 100 milliliters or per 100 grams . . . ." Article 4476–15, Section 4.02(d)(5)(H), V.A.C.S. Penalty Group 4, which provides for punishment as Class B misdemeanors, includes narcotics that are "not more than 15 milligrams of opium per 29.5729 milliliters or per 28.35 grams." Article 4476–15, Section 4.02(e)(5), V.A.C.S.

In *Benoit v. State*, 561 S.W.2d 810 (Tex. Cr.App.1977), an indictment for the delivery of codeine which failed to state facts to show the appropriate penalty group was fundamentally defective because the proper range of punishment could not be determined from the allegation. It could not be determined from the face of the indictment whether the district court had jurisdiction to try the case. The *Benoit* case is controlling.

The indictment alleging the possession of opium charges at most a misdemeanor. Therefore, we reverse and remand this case back to the trial court with instructions that the case be transferred to the court having misdemeanor jurisdiction. See *Whi-*

*taker v. State*, 572 S.W.2d 956 (Tex.Cr.App. 1978); *Suarez v. State*, 532 S.W.2d 602 (Tex.Cr.App.1976).[1]

---

1. An indictment alleging an amount of opium to make it a felony offense is not precluded by this opinion.