Arthur Donald ELLERBEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 60453.

Court of Criminal Appeals of Texas,
Panel No. 2.

May 20, 1981.

On Rehearing En Banc Jan. 27, 1982.

Rehearing Denied May 5, 1982.

Joe Mike Egan, Jr., Jack Collins, Kerrville, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for possession of tetrahydrocannabinol. Art. 4476–15, Sec. 4.02(c)(Q), V.A.C.S. After the jury found appellant guilty, the court assessed punishment at 5 years.

By way of a supplemental brief, appellant challenges the indictment in this cause for the first time on appeal. He maintains that the indictment is fundamentally defective for failing to allege all of the elements of the offense. The indictment in this cause alleges in pertinent part that on February 5, 1978, appellant did:

"knowingly and intentionally possess a controlled substance listed in penalty group 2, to-wit: tetrahydrocannabinol."

In *Few v. State*, 588 S.W.2d 578 (Tex.Cr. App.), this Court found that a felony information which attempted to allege the offense of possession of tetrahydrocannabinol was fundamentally defective for failing to allege all of the elements of the offense. In that case, the Court stated as follows:

"So, here, the phrase 'other than marihuana' is a constituent element of the offense—albeit a negative one. Having structured the statutory provisions with which we are here concerned in the manner it did, the Legislature obviously chose to delineate marihuana and other THC offenses by prescribing the latter as it did—'tetrahydrocannabinols other than marihuana.' Only in that fashion is the latter offense stated and, likewise, only in that fashion is it to be alleged by indictment or information.

"Given the Legislative understanding, then, we must conclude that a charging instrument alleging possession of THC—without more, not only fails to allege an offense under state law—the felony offense of 'tetrahydrocannabinols other than marihuana'—but also, because THC—without more—embraces marihuana, fails to state the elements essential to determine the jurisdiction of the court to try the case and the range of punishment which may be assessed. See *Mears v. State*, 520 S.W.2d 380 (Tex.Cr.App.1975), following the rule of *Standley v. State*, 517 S.W.2d 538, 540–541 (Tex.Cr.App. 1975) and its progeny, including, *Huggins v. State*, 544 S.W.2d 147 (Tex.Cr.App. 1976); *Peoples v. State*, 566 S.W.2d 640 (Tex.Cr.App.1978) and, most recently, *Ex Parte Barcelo*, 577 S.W.2d 499 (Tex.Cr. App.1979)." Id. at 585.

The indictment in the instant cause suffers from the same defect as found in the felony information in *Few*. Namely, the indictment fails to contain the phrase "other than marihuana" which has held to be a constituent element of the offense. An indictment which fails to allege all of the essential elements of an offense is void and subject to challenge at any time since the court would have been without jurisdiction to hear the case. *Ex Parte McCurdy*, 571 S.W.2d 31 (Tex.Cr.App.).

The judgment is reversed and the indictment is ordered dismissed.

Before the Court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

McCORMICK, Judge.

Appellant was convicted for possession of tetrahydrocannabinol (THC). Punishment was assessed at five years.

On original submission, a panel of this Court found that the instant indictment

suffered the same defect as the felony information condemned in *Few v. State*, 588 S.W.2d 578 (Tex.Cr.App.1979). That is, for failure to allege the phrase "other than marihuana", it was concluded that the indictment was fundamentally defective.

The *Few* information alleged that the defendant did:

"... intentionally and knowingly possess a controlled substance namely, Tetrahydrocannabinol...."

The indictment in the instant case alleges the appellant did:

"... knowingly and intentionally possess a controlled substance listed in penalty group 2, to-wit: tetrahydrocannabinol...."

The additional language of "listed in penalty group 2" distinguishes this case from *Few* and is sufficient to cure the jurisdictional defect found in *Few*. In *Benoit v. State*, 561˙S.W.2d 810 (Tex.Cr.App.1977), this Court was confronted with an indictment which alleged the defendant did:

"... then and there knowingly and intentionally deliver to John Aycock a controlled substance, namely, Codiene (sic)...."

It was noted that, depending on the quantity involved, codeine was listed in three different penalty groups with three separate punishments. After citing numerous authorities, the Court stated:

"The present case ... involves a controlled substance included in three separate penalty groups based upon the amount possessed. Further, the three separate punishments provided for delivery include that of both felony and misdemeanor. The failure to allege in the indictment the amount involved *or penalty group* (footnote set forth below) so as to reflect what punishment is involved, whether the offense is a misdemeanor or felony, or whether the District Court had jurisdiction renders the indictment fatally defective."

The footnote mentioned above stated:

"It is observed that in Morrison and Blackwell's New Texas Penal Code Forms (Texas Controlled Substances Act), § 4.03, it is recommended that in alleging unlawful delivery of a controlled substance that the penalty group in which the controlled substance alleged falls be pled in the indictment. *If that had been done in the instant case the question raised would have been avoided.*" (Emphasis supplied)

For the failure to state facts to show the appropriate penalty group, the indictment in *Benoit* was held fatally defective. However, in the indictment now before us, the allegation of penalty group is sufficient to determine the punishment range, and the jurisdictional deficiency of *Benoit* is not present.

*Benoit* was later followed in the case of *Kolbert v. State*, 590 S.W.2d 711 (Tex.Cr.App.1979). The indictment in *Kolbert* alleged the defendant did "... knowingly and intentionally possess a controlled substance, namely, opium." The Court noted that opium appears in three different penalty groups. Finding *Benoit* was controlling, the Court reversed for failure to state facts to show the appropriate penalty group. In a footnote, it was said that "[a]n indictment alleging an amount of opium to make it a felony offense is not precluded by this opinion." In other words, the Court held that an indictment would be sufficient if it alleged either the proper penalty group, or the amount possessed, from which a determination of penalty group could be made.

▪ Similarly, we conclude that an indictment for possession of THC may allege either "other than marihuana," or allege "penalty group 2," either of which is sufficient to determine the jurisdiction of the court to try the case.

▪ Appellant complains that the evidence was insufficient to prove that appellant possessed the THC. The evidence viewed most favorably to the verdict showed that on February 3, 1978, law enforcement officials, pursuant to a search warrant, raided an apartment in Kerrville. On entering the apartment, appellant was seen with a water pipe in his hand. In his

lap was a pan of marihuana. Appellant testified that he was cleaning the marihuana of seeds when the officers entered. Along with appellant in the apartment were a number of other persons, mostly juveniles, including appellant's thirteen-year-old daughter. Appellant spontaneously told the officers, "The only other weed in the house is in a wooden box in my dresser in the bedroom, and that's just seeds." He then directed his daughter to show the officers the box. Upon examination of the box, the officers found the seeds that appellant had mentioned as well as the THC that formed the basis of this prosecution. A letter from the Social Security office was found addressed to appellant at that location. While appellant had not signed the lease (though an older daughter was a lessee), the apartment manager testified that appellant had been living there for at least three months.

The evidence clearly showed an affirmative link between appellant and the THC. A reasonable inference could be drawn from the evidence that appellant knew of the THC. The evidence is sufficient to prove that appellant knowingly possessed the contraband. *Taylor v. State*, 604 S.W.2d 175 (Tex.Cr.App.1980); *Norman v. State*, 588 S.W.2d 340, *cert. denied* 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980).

■ Appellant also complains in the same multifarious ground of the trial court's failure to submit a circumstantial evidence charge. While the need for a circumstantial evidence charge has been questioned in the literature,[1] there was no error in the present case as appellant failed to request such a charge and failed to object to the charge as given. Having failed to object at trial, appellant is precluded from complaint on appeal, *Cannon v. State*, 458 S.W.2d 66 (Tex.Cr.App.1970). See also *Thomas v. State*, 605 S.W.2d 290 (Tex.Cr.App.1980).

■ In appellant's next multifarious ground of error, appellant contends the trial court erred in overruling his motion to sup-

press the THC. Apparently he contends initially that the warrant was invalid because the underlying affidavit contained misrepresentation. The affidavit apparently asserted that the apartment was under the control of Donna Ellerbee, Roxie Klein and Sandra Coonfield. Apparently, at the time of the raid, Klein and Coonfield had moved out and Ellerbee's father (appellant), brother and younger sister had moved in. The officer testified that the lease for the apartment was signed by Donna Ellerbee, Roxie Klein and Sandra Coonfield and he had been shown a copy of the lease. He used that information in preparing the affidavit.

Appellant has here made neither a showing of an intentional misstatement or a reckless disregard for truth nor materiality that would invalidate the affidavit. See *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *Taylor v. State*, 604 S.W.2d 175 (Tex.Cr.App.1980). See also *Walthall v. State*, 594 S.W.2d 74 (Tex.Cr.App.1980).

■ Next, appellant complains of the seizure of the Social Security letter addressed to appellant. It was not listed in the search warrant as an item to be seized but was discovered and seized by officers while looking for drugs. It was used to show possession of the premises by appellant. The seizure of the envelope was proper. *Phenix v. State*, 488 S.W.2d 759 (Tex.Cr.App.1972).

■ Appellant argues that the search was invalid because "the officers failed to comply with the statute requiring that they give notice of their purpose prior to entering and with the statute limiting the manner of gaining entry."

The evidence showed that it was just after midnight and the police had the apartment in question staked out. A person left the apartment and then went trotting back. The police were afraid he had seen them and the evidence would be destroyed. They

---

1. See, *Note, The Circumstantial Evidence Charge in Texas Criminal Cases: A Retrograde Doctrine*, 55 Tex.L.Rev. 1255 (1977).

proceeded to the apartment behind the man. Just as the door was closed, a police officer reached the door, opened it, and the officers entered the apartment. They told the occupants that they were police and were there pursuant to a search warrant and showed the warrant to appellant. They proceeded to conduct a search of the apartment.

Appellant contends such procedure violated Articles 18.16 and 18.18, V.A.C.C.P. However, Article 18.16 now relates to preventing consequences of a theft, and Article 18.18 relates to disposition of gambling materials, prohibited weapons and criminal instruments. The method used in executing the warrant was appropriate. Further, even under the prior statutes, now Article 18.06, V.A.C.C.P., failure to comply with the requirements in executing a search warrant does not invalidate its search, *Smith v. State*, 491 S.W.2d 924 (Tex.Cr.App.1973).

■ Next, appellant contends that, because there was not as much marihuana in the apartment as the affidavit claimed, probable cause was lacking. An affidavit and search warrant are not judged by hindsight. The discovery of more contraband than was anticipated will not render a defective affidavit sufficient. Discovery of less than the amount anticipated will not vitiate a valid affidavit and warrant. The ground is overruled. *Hinson v. State*, 547 S.W.2d 277 (Tex.Cr.App.1977).

Appellant also claims it was error to show that he had a pan of marihuana in his lap at the time of the raid. This contention has been answered adversely to appellant. *Franklin v. State*, 494 S.W.2d 825 (Tex.Cr. App.1973).

■ In his next ground, appellant seems to complain of the admission into evidence of the presence of his thirteen-year-old daughter at a place where marihuana was kept. It was appellant's statement to the daughter that helped provide one of the links between appellant and the THC. The daughter, testifying for appellant, stated that the box in which the THC was found was not her father's, but was her brother's. She related that she was present during the search. No error is shown. See *Barnes v. State*, 520 S.W.2d 401 (Tex.Cr.App.1975).

■ Appellant complains of the admission into evidence of appellant's statement that the only other marihuana was in the box and his request for his daughter to escort the officers to the marihuana.

Article 38.22, V.A.C.C.P., as in effect both at the time of the arrest and at trial, provides in pertinent part:

"Sec. 5. Nothing in this article precludes the admission of a statement made by the accused in open court at his trial, before a grand jury, or at an examining trial in compliance with Articles 16.03 and 16.04 of this code, or of a statement that is the res gestae of the arrest or of the offense, or of a statement that does not stem from custodial interrogation, or of a voluntary statement, whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a witness, or of any other statement that may be admissible under law."

The statement was not the result of any inquiry or question addressed to appellant. It was admissible. *Sanchez v. State*, 589 S.W.2d 422 (Tex.Cr.App.1979). See also, *Phenix v. State*, supra.

Finding no reversible error, the State's motion for rehearing is granted, and the judgment is affirmed.

CLINTON, Judge, dissenting.

Overturning the opinion of the panel on original submission the majority says:

"*Similarly*, we conclude that an indictment for possession of THC may allege either 'other than marihuana,' or allege 'penalty group 2,' either of which is sufficient to determine the jurisdiction of the court to try the case."[1]

Since the problem in the case at bar is not distinguishable from the one in *Few v. State*, 588 S.W.2d 578 (Tex.Cr.App.1979)

1. All emphasis is mine throughout unless otherwise indicated.

and is not at all "similar" to the one addressed in *Benoit v. State*, 561 S.W.2d 810 (Tex.Cr.App.1977) and *Kolbert v. State*, 590 S.W.2d 711 (Tex.Cr.App.1979), the majority does not reason its way to the conclusion it reaches.

In the penalty group section of the Controlled Substances Act, Article 4476–15, § 4.02, tetrahydrocannabinols is listed only once, and that listing is in Penalty Group 2. Without any doubt one who possesses a controlled substance listed in Penalty Group 2 commits a felony of the third degree, *id.*, § 4.03(a) and (b)(2). Thus, unlike *Benoit* and *Kolbert*, supra, in which the listing of codeine and opium, respectively, in three different penalty groups rendered uncertain whether a felony or misdemeanor was alleged—and perforce making uncertain that a district court had jurisdiction—here there can be no uncertainty whatsoever. Clearly a district court has jurisdiction to try one charged with a felony of the third degree. The majority errs in treating "similarly" that which is utterly dissimilar.

*Few v. State*, supra, on the other hand, was correctly summarized by the panel opinion in the instant case: "a felony information which attempted to allege the offense of possession of tetrahydrocannabinol was fundamentally defective for failing to allege *all of the elements of the offense.*" More particularized, *Few* concluded:

"So, here, *the phrase 'other than marihuana' is a constituent element of the offense*—albeit a negative one. ... [T]he Legislature obviously chose to delineate marihuana and other THC offenses by prescribing the latter as it did —'tetrahydrocannabinols other than marihuana.' Only in that fashion is the latter offense stated and, likewise *only in that fashion is it to be alleged by indictment or information.*"

The essential defect in *Few*, then, was that the charging instrument omitted an element of the offense it purported to allege,

and thus failed to allege an offense under State law.[2]

Now, without analysis or principled rationale, the majority would have it that simply adding the "language of 'listed in penalty group 2' distinguishes this case from *Few* and is sufficient to cure the jurisdictional defect found in *Few*." How can that be?

A charging instrument which informs one that THC is a controlled substance listed in Penalty Group 2 does not provide the element of the offense *Few* found had been omitted. Surely the majority is not saying that because one will read in Penalty Group 2, *inter alia*, "Tetrahydrocannabinols, other than marihuana ...," the missing element is thereby supplied. Unlike pleadings in the Federal judicial system which do identify the statute allegedly violated, charging instruments in Texas must be tested for sufficiency of the conduct factually alleged in order to come to the legal conclusion that an offense is charged. It seems to me that one who resorts to Penalty Group 2 merely comes to the point where the analysis in *Few* began.

Because the Court does not follow *Few* and deny the State's motion for rehearing, I dissent.

ONION, P. J., and ROBERTS and TOM G. DAVIS, JJ., join.

---

2. Only after coming to the conclusion that the statutory phrase "other than marihuana" is an element of the offense, did *Few* state "also" that "because THC—without more—embraces marihuana" the charging instrument "fails to state the elements essential to determine the jurisdiction of the court to try the case and the range of punishment which may be assessed," *Few, id.*, at 585.