Vicki Lynn MANSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 62465.

Court of Criminal Appeals of Texas, Panel No. 1.

July 14, 1982.

Bruce L. Sternberg, Austin, for appellant.

Ronald D. Earle, Dist. Atty. and Delmar Cain, Asst. Dist. Atty., Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for possession of tetrahydrocannabinol. Trial was before the court and punishment was assessed at three years confinement, probated.

A review of the record reveals that the indictment in the instant case charged that the appellant did "intentionally possess a controlled substance, to wit: Tetrahydrocannabinols..."

In *Few v. State*, 588 S.W.2d 578 (Tex.Cr. App.1979), this Court held that a charging instrument alleging possession of tetrahydrocannabinol without including the language "other than marihuana", fails to allege an offense under state law and additionally fails to state the elements essential to determine the jurisdiction of the court to try the case and the range of punishment which may be assessed.[1] Id. at 585; *Ex Parte Barcelo*, 577 S.W.2d 499 (Tex.Cr.App. 1979); *Mears v. State*, 520 S.W.2d 380 (Tex. Cr.App.1975). Further, the indictment did not allege the applicable penalty group. Compare *Ellerbee v. State*, 631 S.W.2d 480 (1982). The conviction is therefore invalid and we must set aside the judgment. We need not decide the remaining grounds of error.

We order the sentence imposed be set aside, the judgment of the trial court be reversed and the indictment dismissed.

---

1. For the reasons stated in my dissent in Few, the author of this opinion still believes that the indictment in this case should be upheld, but the law of this State is now expressed by the majority in numerous cases and I am obligated to follow it.