**Harry Michael MARLO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–573–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 2, 1984.

Rehearing Denied March 8, 1984.

Discretionary Review Granted
Oct. 31, 1984.

Daniel Shindler, Houston, for appellant.

Jim Mapel, Angleton, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

J. CURTISS BROWN, Chief Justice.

Harry Michael Marlo (Marlo or appellant) was charged with murder of Jamie Price. The state produced two eyewitnesses, Charles Pee and Rohnie Johnson. Before the jury was instructed on the charge, appellant filed a written request to instruct the jury that Pee and Johnson were accomplice witnesses. The request was denied, and the jury found Marlo guilty. The jury assessed a punishment of sixty years confinement in the Texas Department of Corrections.

Pee testified that the three men had spent a substantial portion of Christmas day drinking and eating at various establishments. At their last stop they danced and socialized with several women. Around midnight, Pee helped Johnson return to the truck, where Johnson fell asleep. Ultimately, Marlo returned to the truck with Jamie Price, one of the women with whom they had been socializing. She had been drinking heavily, and also fell asleep.

Apparently Marlo had promised to drive Price home, but chose instead to drive to a remote well site in the area. Sometime during the course of the evening Johnson had expressed an interest in having sexual relations with Price. Marlo and Pee discussed this while driving, and Pee asked what would happen if Price caused trouble. He thought she was a karate expert. Marlo replied that he had his pistol with him in case there was any trouble.

Johnson was awake when they arrived at the well site, and he began to remove Price's blouse. Price awoke and jumped out of the truck. She argued briefly with Marlo, apparently upset that she had not been taken home. Marlo suddenly pulled his gun and shot her. The shots were not immediately fatal, and Marlo shot her three times while she was on the ground. Marlo ordered Pee and Johnson to dispose of the body and some of Price's jewelry. Following his directions they removed the jewelry, disposed of the body, and helped clean the truck.

Both Pee and Johnson testified they were scared of Marlo, and that he had made threats against them. Regarding the killing and the events preceding, Johnson's testimony is consistent with Pee's in all important respects. Variances between the testimony of the two arise from differences in perspective, and disagreements about whether Johnson was conscious at various points.

In four grounds of error, appellant asserts that the jury should have been instructed that Pee and Johnson were accomplices, that there was insufficient evidence to convict Marlo of murder, and that the prosecutor made improper statements in his closing argument.

■■■ An accomplice must be a participant in the commission of a crime. An accomplice is someone who could be prosecuted for the offense with which the accused is charged. *Carrillo v. State*, 591 S.W.2d 876, 882 (Tex.Crim.App.1979). A witness does not become an accomplice because he knew of the crime and failed to disclose it, or even concealed it. *Id.* at 882. The record must show that a witness participated in the planning and promoting of the offense, or had knowledge 'of what was about to transpire. *Russell v. State*, 598 S.W.2d 238, 250 (Tex.Crim.App.1980).

■■■ Pee knew Marlo had a pistol, but there is no evidence in the record he had knowledge a murder was planned. His testimony, and the sequence of events, indicate the killing came as a complete surprise and shock to Pee. There is less evidence that Johnson had any knowledge of a criminal plan. Without a common understanding, or proof of criminal intent, neither Pee nor Johnson can be called accomplice witnesses. Appellant's grounds of error on this issue are overruled.

■■■ The direct and explicit eyewitness testimony of Pee and Johnson was sufficient to convict Marlo of murder. Pee described the pistol in detail, and told how Marlo shot Price in the head at the range of a few inches. Marlo was standing several feet away. Johnson saw a muzzle

flash and heard the report. Both witnesses testified that Marlo shot Price after she had fallen to the ground. Appellant's ground of error is overruled.

■ Finally, appellant asserts that statements made by the prosecutor in his closing argument were excessive and prejudicial. There was no objection at trial to the statements, and consequently, any error was waived. *Sanchez v. State,* 589 S.W.2d 422, 424 (Tex.Crim.App.1979).

Appellant's four grounds of error are overruled. The judgment of the trial court is affirmed.