Jesus **MENDEZ, Jr., Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 13–85–435–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1986.

Rehearing Denied Sept. 30, 1986.

John W. Peterson, Beeville, for appellant.

C. F. Moore, Dist. Atty., Beeville, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

In five grounds of error, appellant, Jesus Mendez, Jr., complains of his conviction for murder. A jury convicted appellant of killing a man outside a bar in Beeville, Texas. We affirm.

First, appellant Mendez complains that fundamental error occurred when the trial court charged the jury that it could find appellant guilty if he killed the victim intentionally *or* knowingly, because the indictment alleged that appellant intentionally *and* knowingly caused the death of the victim. This ground of error is meritless. "It is proper for an indictment to allege the ways an offense may have been committed in the conjunctive, and for the different ways to be charged to the jury in the disjunctive." *Garrett v. State*, 682 S.W.2d 301, 309 (Tex.Crim.App.1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985).

Second, appellant contends that his representation at trial amounted to ineffective assistance of counsel, in violation of state and federal constitutional standards. Appellant refers only to the failure of his trial counsel to offer into evidence appellant's military psychiatric records, even though he was relying on the defenses of insanity and diminished capacity. As appellant points out, his trial counsel gave timely notice of these defenses to the trial court and won an order from the trial court requiring appellant's military psychiatric records. However, the court-appointed mental health expert, who examined appellant and his records, testified that, though the records were voluminous, he read them and found only one sentence which arguably supported appellant's theory of memory lapse. The jury was thus informed of the contents of those records.

A claim that the assistance of counsel was so ineffective as to warrant reversal of a conviction must be supported by showing both (1) that counsel's performance was so deficient that he was not performing as the "counsel" constitutionally guaranteed the appellant; and (2) that the deficient representation so prejudiced the defense that he was deprived of a fair trial, a trial whose result is reliable. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80

L.Ed.2d 674 (1984); *Wilkerson v. State,* No. 69,291 (Tex.Crim.App., May 14, 1986) (not yet reported). The attorney representing appellant must give "reasonably effective assistance." *Ex parte Duffy,* 607 S.W.2d 507, 514 (Tex.Crim.App.1980). While *Duffy* did hold that an attorney has a professional duty to present all available evidence and arguments to suport his client, that case found the relator's counsel ineffective at trial because he conducted an inadequate investigation of the defense. That is not the case here. Appellant's trial counsel was obviously aware of the records, having requested them in the first place. He could have determined, for various reasons, that trial strategy called for leaving them out of evidence. Appellant's trial counsel did conduct a vigorous cross-examination of the expert witness, whose opinion was that appellant was "malingering." Furthermore, appellant has not shown that the evidence not admitted would have assisted him in his defense. *See King v. State,* 649 S.W.2d 42, 44 (Tex.Crim.App.1983).

■ Appellant's third contention is that the trial court erred in failing to charge the jury on the defense of diminished capacity. Appellant made no objections to the charge submitted to the jury. No reversal will result unless the error was fundamental. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (on motion for rehearing). Appellant does not and, in light of the record before us, cannot contend that the failure to charge on diminished capacity egregiously harmed him. *See id.* at 174.

■ Appellant does, in his fourth ground of error, contend that the trial court committed fundamental error by failing to charge the jury on voluntary manslaughter. Once again, we find no egregious harm in the charge submitted to the jury without objection. Appellant supports his entitlement to the voluntary manslaughter charge only by reference to a single witness, who testified that appellant and the victim were arguing loudly, but for only a

short time. The argument took place inside the bar, while the shooting took place outside, and the argument had broken off for an undetermined time before the shooting occurred. The time lapse appears to have been almost an hour. This is scant, if any, evidence of "immediate influence of sudden passion arising from an adequate cause." *See Ojeda v. State,* 712 S.W.2d 742 (Tex.Crim.App., 1986); TEX.PENAL CODE ANN. § 19.04(a) (Vernon 1974).

Finally, appellant argues that the trial court erred in admitting testimony of certain oral statements made by him. Three police officers testified that appellant made inculpatory statements to them. All three testified as rebuttal witnesses after appellant took the stand during his case in chief and testified to his inability to remember all of the events connected with the murder.

Officer Royer of the St. John, Missouri, police testified that he arrested appellant in Missouri. As soon as he arrested appellant, Officer Royer asked appellant if he was Jesus Mendez, Jr., and the appellant said he was. He then asked appellant, "You know why we are arresting you?" Officer Royer testified that appellant replied, "Something to do with the shooting in the tavern." Apparently, appellant had not been read his rights at that point.

Officers Lazenby and Salinas of the Beeville Police Department flew to St. Louis to pick up the appellant. They took him into custody in the St. Louis airport, where he was "Mirandized." The officers flew with appellant to San Antonio. Then they transferred appellant to a squad car for the return drive to Beeville. During the drive, appellant began reminiscing with Officer Salinas, whom appellant had known for a long time. He then began to talk about the events that occurred on the day of the murder. He said he only recalled that he was at the bar for some time and he had been drinking. He told the officers that he recalled having a short-barrel shotgun, and he remembered the gun going off. He

remembered that this occurred outside the bar, and that he later threw the gun away.

 Appellant does not contend that the statements were made involuntarily. Instead, he claims only that the statements did not comply with the requirements of TEX. CODE.CRIM.PROC.ANN. art. 38.22, § 3(a) (Vernon Supp.1986), and are not "res gestae" statements under TEX. CODE CRIM.PROC.ANN. art. 38.22, § 5 (Vernon 1979). Since Sept. 1, 1981, oral statements, even if made during custodial interrogation, are admissible for impeachment purposes if they are made voluntarily. *Garrett v. State*, 682 S.W.2d 301, 305 (Tex. Crim.App.1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985). This applies to all of appellant's statements to the three officers who were called as rebuttal witnesses. The police officers were unanimous in their opinion that appellant was quiet, calm, and cooperative during the entire time he was in their custody.

Additionally, the statements recounted by Officers Lazenby and Salinas were volunteered by appellant. Both officers testified that appellant was the first to bring up the subject of the murder. Appellant's statements to Officers Lazenby and Salinas were therefore admissible because they were not the result of any inquiry or question addressed to appellant. *Ellerbee v. State*, 631 S.W.2d 480, 484 (Tex.Crim.App. 1982) (on motion for rehearing); *Sanchez v. State*, 589 S.W.2d 422, 423 (Tex.Crim.App. 1979). The statement made to Officer Royer, even if not admissible as impeachment evidence, is merely cumulative of the testimony of the other officers and the other evidence, and any error in admitting it was harmless. *Beck v. State*, 712 S.W.2d 745 (Tex.Crim.App.1986). Appellant even testified at his trial that he remembered substantially all of the facts he revealed to the three officers.

Appellant's five grounds of error are overruled. The judgment of the trial court is AFFIRMED.