ACCEPTED
06-15-00069-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/17/2015 10:03:39 AM
DEBBIE AUTREY
CLERK

No.   06-15-00069-CR

IN The Sixth Court of Appeals
Texarkana, Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/17/2015 10:03:39 AM
DEBBIE AUTREY
Clerk

Temika Charnette Owens,

Appellant,

V.

THE STATE OF TEXAS,

Appellee.

Appeals from the 4th District Court,

Rusk County, Texas

Trial Court No. CR14-305

Anders Brief

ATTORNEY FOR APPELLANT:

Jeff T. Jackson
SBOT No. 24069976
736-A Hwy 259 N.
Kilgore, TX 75662

Phone:   903-654-3362
Fax:      817-887-4333

ORAL ARGUMENT NOT REQUESTED

## LIST OF PARTIES AND COUNSEL

**APPELLANT:**    **Temika Charnette Owens**
TDCJ No. 019997628
SID No. 06067410
Texas Department of Criminal Justice
San Saba Unit
206 S. Wallace Creek Rd.
San Saba, TX 76877

Represented at appeal by:
Jeff T. Jackson
SBOT No. 24069976
736-A Hwy 259 N.
Kilgore, TX 75662
Phone:   903-654-3362
Fax:     817-887-4333

Represented at trial by:
Brent Wilder
SBOT No. 00785248
P.O. Box 1108
Henderson, TX 75653
Phone:   903-657-0561


**APPELLEE:**    **State of Texas**

Represented at trial by:
Micheal Jimerson:
Rusk County District Attorney
SBOT: 00789406
115 N. Main St.
Henderson, TX 75652
Phone:   903-657-2265
Fax:     903-657-0329

# TABLES OF CONTENTS

List of Parties and Counsel..........................i

Table of Contents...................................ii

Index of Authorities...............................iii

Statement of the Case...............................v

Issues Presented..................................vii

Statement of Facts..................................1

Summary of the Arguments............................2

Argument............................................3

    I.   WHETHER THE INDICTMENT WAS SUFFICIENT......3

    II.  WHETHER THE TRIAL COURT ERRED IN RULING ON PRETRIAL MATTERS OR APPELLANT'S OBJECTIONS DURING TRIAL, OR WHETHER THERE WAS FUNDAMENTAL ERROR........................6

    III. WHETHER THE EVIDENCE WAS SUFFICIENT TO SUPPORT A CONVICTION FOR THE OFFENSE OF HARASSMENT OF A PUBLIC SERVANT............13

    IV.  INEFFECTIVE ASSISTANCE OF COUNSEL IS NOT A VIABLE CLAIM BASED ON THE RECORD BEFORE THE COURT....................................15

Statement of Attorney to the Court.................18

Conclusion and Prayer..............................19

Certificate of Compliance..........................20

Certificate of Service.............................21

INDEX OF AUTHORITIES

Case Law:

*Anders v. California,*
    386 U.S. 738, 744, (1967) . . . . . . . . . . . . 2,18

*Brooks v. State,*
    957 S.W.2d 30 (Tex.Crim.App. 1997). . . . . . .6,13

*Currie v. State,*
    516 S.W.2d 684 (Tex.Cr.App.1974). . . . . . . . .18

*Duff-Smith v. State,*
    685 S.W.2d 26 (Tex. Crim. App. 1985). . . . . . . 8

*Frausto v. State,*
    642 S.W.2d 506 (Tex.Crim.App. 1982). . . . . . . 11

*Fugate v. State,*
    200 S.W.3d 781 (Tex. App.-Fort Worth 2006) . . . .6

*Hawkins v. State,*
    605 S.W.2d 586 (Tex. Crim. App. 1980). . . . . . 12

*Hernandez v. State,*
    726 S.W.2d 53, 57 (Tex.Crim.App.1986). . . . . . 15

*Jackson v. State,*
    877 S.W.2d 768, 771 (Tex.Crim.App. 1994). . . 13,15

Jeffery v. State,
    903 S.W. 776 (Tex.App.-Dallas 1995) . . . . . . .18

*Lawrence v. State,*
    240 S.W.3d 912 (Tex. Crim. App. 2007). . . . . .3,5

*Lindley v. State,*
    635 S.W.2d 541, (Tex. Crim. App. 1982) . . . . . .8

*Polk v. State,*
  337 S.W.3d 286 (Tex. App.-Eastland 2010). . . . .13

*Riney v. State,*
  28 S.W.3d 561, (Tex.Crim.App.2000) . . . . . . . .7

*Smith v. State,*
  309 S.W.3d 10 (Tex. Crim. App. 2010). . . . . . . 3

*State v. Moff,*
  154 S.W.3d 599 (Tex. Crim. App. 2004). . . . . .3,5

*Strickland v. Washington,*
  466 U.S. 668 (1984). . . . . . . . . . . . .15,16

*Stoker v. State,*
  788 S.W.2d 1 (Tex.Crim.App.1989). . . . . . . . .8

*Thompson v. State,*
  9 S.W.3d 808, 812 (Tex.Crim.App.1999). . . . .15,16

*United States v. Johnson,*
  527 F.2d 1328, 1329 (5th Cir. 1976). . . . . . . 2

*Villescas v. State,*
  189 S.W.3d 290 (Tex. Crim. App. 2006) . . . . . . 6

Statutes:

Tex. Pen. Code sec. 8.04(a). . . . . . . . . . . . 12

Tex. Pen. Code Sec. 12.42 . . . . . . . . . . . . . 10

Tex. Pen. Code Sec. 22.11 . . . . . . . . . . . . . 4

Tex. Code Crim. Proc. art. 28.10 . . . . . . . . . .7

Tex. Code Crim. Proc. Art 36.01(a) . . . . . . . . . 11

Tex. Code Crim. Proc. art. 39.14(b) . . . . . . . . 8

iv

## STATEMENT OF THE CASE

By a single count indictment returned by the Rusk County grand jury at the September term, 2014, Appellant was charged with Harassment of a Public Servant, CR p. 6, which is a third degree felony under Texas Penal Code Sec. 22.11. The trial court granted the State's motion to amend and interlineate the indictment. CR p. 30.

Appellant was represented at trial by Brent Wilder. On April 27, 2015, a jury was empaneled to hear the case. RR2, pp. 191-194. Appellant pleaded "not guilty" to both counts on the indictment. *Id* p. 195.

A trial was held on the issue of guilt, RR3, and on April 29, 2015, the jury returned a verdict of "guilty." RRS1, pp. 157 p. 5. The punishment phase of the trial was held on the same day the verdict was returned, and the jury assessed punishment of 2 years incarceration. RR4 p. 39.

On April 29, 2015, the Trial Court sentenced Appellant in accordance with the jury's

recommendations. RR4, p. 41-42. Jeff T. Jackson was appointed to represent Appellant on appeal. CR p.98. Appellant timely perfected appeal by filing written Notice of Appeal on May 7, 2015. CR p. 94.

# ISSUES PRESENTED

I.  Whether the indictment was sufficient?

II. Whether the trial court erred in ruling on Appellant's objections during trial, or whether there was fundamental error?

III. Whether the evidence was sufficient to support a conviction for the offense of harassment of a public servant?

TO THE HONORABLE SIXTH COURT OF APPEALS:

Comes now Jeff T. Jackson, attorney for Temika Charnette Owens, Appellant in the above styled and numbered cause, and respectfully submits this Brief on such cause.

## STATEMENT OF THE FACTS

On June 1st, 2014, at about 3:00 a.m., Appellant was stopped by Officer Goodson, a public servant of Henderson Police Department, for driving without headlights. She was arrested for driving while intoxicated. The arresting officer accused her of intending to assault him by causing her saliva to contact his person while struggling with him in the back of his patrol vehicle. RR3 pp. 21-28.

NOTE:
The record is referred to as:
"CR": clerk's record in Cause No. CR14-305.
"RR 1-4": reporter's record in Cause No. CR14-305.
"RR S1": reporter's supplemental record in Cause No. CR14-305.

1

## SUMMARY OF THE ARGUMENTS

Under *Anders v. California,* 386 U.S. 738, 744, (1967), a court-appointed attorney may not raise an issue in an appeal if he makes a conscientious examination of the case and finds the appeal is wholly frivolous. To comply with *Anders,* counsel must isolate "possibly important issues" and "furnish the court with references to the record and legal authorities to aid it in its appellate function." *United States v. Johnson,* 527 F.2d 1328, 1329 (5th Cir. 1976). After the appellant is given an opportunity to respond, the court makes a full examination of the record to detect whether the case is frivolous. *Anders,* 386 U.S. at 744. As set forth by his Brief, counsel for Appellant has determined that there are no non-frivolous issues to appeal.

2

# ARGUMENTS AND AUTHORITIES

## ARGUMENT I.

### THE INDICTMENT WAS SUFFICIENT.

The sufficiency of the indictment is reviewed de novo because that issue is a question of law. *Smith v. State,* 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010); *State v. Moff,* 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). A criminal defendant has a constitutional right to notice. *Lawrence v. State,* 240 S.W.3d 912, 916 (Tex. Crim. App. 2007). To satisfy this notice requirement, an indictment must be specific enough to inform the defendant of the nature of the accusation against him so he may prepare a defense. *Id.; Moff,* 154 S.W.3d at 601. "An indictment is generally sufficient as long as it tracks the language of a penal statute that itself satisfies the constitutional requirement of notice." *Lawrence,* 240 S.W.3d at 916; *see Smith,* 309 S.W.3d at 14.

3

Appellant was indicted for the offense of Harassment of a Public Servant. Tex. Pen. Code Sec. 22.11 reads:

A person commits an offense if, with the intent to assault, harass, or alarm, the person . . . causes another person the actor knows to be a public servant to contact the blood, seminal fluid, vaginal fluid, saliva, urine, or feces of the actor, any other person, or an animal while the public servant is lawfully discharging an official duty or in retaliation or on account of an exercise of the public servant's official power or performance of an official duty. *Id*.

The indictment in the instant case was amended by order of the trial court to read:

. . . that TEMIKA CHARNETTE OWENS hereinafter styled Defendant, on or about the 1" day of June, 2014, and before the presentment of this indictment, in the County of Rusk, State of

4

Texas, did then with the intent to assault, harass, or alarm, the person cause a person the defendant knew to be a public servant, namely; Chris Goodson, to contact the saliva of the defendant while said Chris Goodson was lawfully discharging his official duty as a police officer for the City of Henderson Police Department. RR p. 6, 29.

The indictment tracks the language of the applicable penal statute sufficient to give the requisite notice, as required under *Lawrence* and *Moff*, *supra*.

## ARGUMENT II.

**THE TRIAL COURT DID NOT ERR IN RULING ON PRETRIAL MATTERS, NOR WERE APPELLANT'S OBJECTIONS ERRONEOUSLY OVERRULED DURING TRIAL, NOR WAS THERE FUNDAMENTAL ERROR OTHERWISE.**

### The *Brooks* Notice.

The trial court ruled on several pre-trial matters in the instant case. Included among them was "State's Notice of Intent to Seek Higher Punishment Based on Prior Conviction Pursuant to *Brooks* . . ." CR p. 18-19. Appellant did not object to this Notice, and Appellant stipulated to the admission of the court's judgment of the prior conviction during trial. RR4 pp. 9. The *Brooks* Notice was timely given under *Brooks v. State,* 957 S.W.2d 30, 33-34 (Tex. Crim. App. 1997); *See also Villescas v. State,* 189 S.W.3d 290, 294 (Tex. Crim. App. 2006) *and Fugate v. State,* 200 S.W.3d 781, 783 (Tex. App.-Fort Worth 2006).

6

## The Amendment of the Indictment.

The state also moved to amend the indictment twice without objection by Appellant. An amendment of a charging instrument shall be made with the leave of the court and under its direction. Tex. Code Crim. Proc. art. 28.10. Here, the written amendment was submitted to the trial court and included in the record in compliance with *Riney v. State,* 28 S.W.3d 561, 566 (Tex.Crim.App.2000).

## Objection to State's Calling Expert Witness

The other objection Appellant made before trial was an objection to the State's calling Chad Taylor as an expert witness, citing insufficient notice. CR p. 33. Chad Taylor was allowed to testify as State's witness without an objection by Appellant at trial. RR3 pp. 65. Appellant neither requested pre-trial notice of designation of an expert witness, nor requested a continuance for the State's failure to give timely notice of its intent to use an expert witness.

7

The State must disclose the witnesses who will be used at any stage of the trial upon request by the defendant in a pre-trial motion and order of the trial court. *Stoker v. State,* 788 S.W.2d 1, 15 (Tex.Crim.App.1989). In the context of expert witnesses, this common law duty has been codified by statute, and has been extended to criminal defendants. Tex. Code Crim. Proc. art. 39.14(b). If the State has a duty to disclose an expert witness but fails to do so, any error in allowing that witness to testify over a claim of lack-of-notice is waived by the defendant's failure to move for a continuance. *See Lindley v. State,* 635 S.W.2d 541, 544 (Tex. Crim. App. 1982). *See Duff-Smith v. State,* 685 S.W.2d 26, 32 (Tex. Crim. App. 1985).

### State's Voir Dire on Enhancement of Punishment

Appellant also objected to voir dire questioning by the State regarding the law relating to punishment if it were to prove a previous felony conviction. RR2 pp. 85-168. Appellant had a prior felony conviction on

8

which the punishment range could be enhanced. CR pp. 18-19. Specifically, the State asked individual panelists:

> In a case where a person is convicted of a third-degree felony, if the State can prove a prior felony conviction that resulted in a penitentiary sentence, can you consider the upper end of 20 years? You don't have to commit to the increased sentence, but just can you wait and hear all the evidence in the punishment phase before you consider your sentence, and are you at least open to the possibility that it could be a 20-year sentence? RR2 p. 86.

Over Appellant's running objection, RR2 pp. 75-77, this line of questioning was permitted by the trial court on individual voir dire. *Id.*

Appellant's objection to the mention of enhanced punishment range during individual voir dire was three-pronged: first, that the issue should have been taken

up as a pretrial matter so that Appellant would have sufficient time to respond to the State's argument; second, that the State had already closed its voir dire, and that it could only go into issues raised during voir dire of the panel during individual voir dire; and third, that its highly prejudicial and used as a ploy by the state to secure a jury wherein a large portion of the panel had stated that they would not be able to follow the law as to punishment for this type of case. RR2 pp. 75-77.

Harassment of a public servant is a third degree felony. If the State follows the proper procedures and proves the Defendant has previously been finally convicted for an offense other than a state jail felony, the punishment range for this offense can be enhanced from 2 - 10 years confinement to 2 - 20 years confinement and probation is not available. Tex. Pen. Code Sec. 12.42. During the trial, the State did not disclose to the jury that the defendant had previously been convicted of a felony.

10

While the State may question the jury panel on the applicable range of punishment, it may not disclose to the venire that it believes that the defendant has previously been convicted of a felony. *See* Tex. Code Crim. Proc. Art 36.01(a). This restriction is designed to prevent the prejudice that would inevitably result from an announcement at the outset of the proceedings that the state believes the defendant was previously convicted of a particular offense at a particular time and in a particular court. *See Frausto v. State*, 642 S.W.2d 506 (Tex.Crim.App. 1982). This restriction does not, however, prevent the trial court or the prosecutor from informing the jury panel in hypothetical terms of the applicable range of punishment if the state proves any prior convictions for enhancement purposes. *Id.* In the instant case, the State was careful to stay within the legal constraints set forth in *Frauso, id.*

**Charge of the Court**

Appellant objected to an instruction in the Charge of the Court that voluntary intoxication is not a

11

defense to a criminal offense. RR 3 p. 79. Reliance on involuntary intoxication to negate an intent element is prohibited by Tex. Pen. Code sec. 8.04(a); *see also Hawkins v. State,* 605 S.W.2d 586, 589 (Tex. Crim. App. 1980). Therefore, the Charge of the Court correctly stated that law applicable in this case.

## ARGUMENT III.

## THE EVIDENCE WAS SUFFICIENT TO SUPPORT A CONVICTION FOR THE OFFENSE OF HARASSMENT OF A PUBLIC SERVANT.

The standard of review for sufficiency of the evidence is whether any rational jury could have found Appellant guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307 (1979); *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State,* 337 S.W.3d 286, 288-89 (Tex. App.-Eastland 2010, pet. ref'd). Under the *Jackson* standard, an examination is made of all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson,* 443 U.S. at 319. The standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and

13

to draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319; *Winfrey v. State,* 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). The standard of review is the same for direct and circumstantial evidence cases.

In the instant case, the State's witnesses included the Complainant and another responding officer, both who testified to the offense. RR3 pp. 19-52. Appellant called no witnesses and rested without presenting any evidence. Here, it cannot be argued that a rational jury could not have found Appellant guilty beyond a reasonable doubt for the charged offense.

## ARGUMENT VI.

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IS NOT A VIABLE CLAIM BASED UPON THE RECORD BEFORE THIS COURT.

Claims of ineffective assistance of counsel are analyzed under the two-prong test set out by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984), and adopted by Texas in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). Appellant must show that trial counsel's performance was deficient, that is, counsel's representation fell below an objective standard of reasonableness. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999).

Appellant must also show that counsel's deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687; *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). This requires Appellant show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. *Strickland*, 466 U.S. at 694; *Jackson*, 877 S.W.2d at 771. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694; *Jackson*, 877 S.W.2d at 771.

In reviewing an ineffective assistance of counsel claim, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and the appellant must overcome the presumption that the challenged conduct might be considered sound trial strategy. *Thompson*, 9 S.W.3d at 813; *Strickland*, 466 U.S. at 689. Any allegation of ineffectiveness must be firmly founded and affirmatively demonstrated in the record to overcome this presumption. *Thompson*, 9 S.W.3d at 813; *see Jackson*, 877 S.W.2d at 771. It is the Appellant's burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Id*.

Counsel has detected no error on the part of Appellant's trial attorney, Mr. Nelson. At no point

16

during any of the proceedings in this cause did Appellant assert to the trial court that she was unhappy with the performance and representation of her trial counsel. Based on this record, no legitimate non-frivolous basis exists to argue trial counsel was constitutionally ineffective.

## STATEMENT OF ATTORNEY TO THE COURT

This brief is filed by counsel appointed by the court to represent Appellant on appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *Currie v. State*, 516 S.W.2d 684 (Tex.Cr.App.1974). Counsel has also filed with this Court a Motion to Withdraw as Court Appointed Counsel on Appeal in accordance with the procedures as standards set out in *Jeffery v. State*, 903 S.W.2d 776 (Tex.App.-Dallas 1995, no pet.). After thorough examination of the clerk's record and reporter's record, counsel can find no non-frivolous point of error that can be supported by the record. Counsel has discussed the evidence and the documents in the record, citing references to the records.

18

## **PRAYER**

Wherefore, premises considered, the undersigned counsel requests the Court of Appeals review the record on appeal, consider the Motion to Withdraw as Court Appointed Counsel, review the foregoing Brief in Support of Motion to Withdraw, and grant the Motion to Withdraw.

Respectfully submitted,

Jeff T. Jackson
SBOT No. 24069976
736-A Hwy 259 N.
Kilgore, TX 75662
Phone: 903-654-3362
Fax:   817-887-4333
Email:
jefftjacksonlaw@gmail.com

*Attorney for Appellant,*
*Temika Charnette Owens*

19

## CERTIFICATE OF COMPLIANCE

The foregoing Appellant's Brief is in compliance with TEX. R. APP. P. 9.4(i)(2)(B). The total number of words contained in Appellant's Brief that are not specifically excluded from the word count under TEX. R. APP. P. 9.4 (i)(1) is 2,375 words.

_____
Jeff T. Jackson
SBOT No. 24069976
*Attorney for Appellant,*
  *Temika Charnette Owens*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the above Motion was served on the State of Texas by mailing same to the District Attorney of Rusk County on August 17, 2015.

I further certify that I have mailed a copy of the above Brief and accompanying Motion by First Class Mail, postage paid, to Appellant, Temika Charnette Owens at the address listed above on the same date.

_____
Jeff T. Jackson
SBOT No. 24069976

21