Willie Elvin CANNON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–90–00094–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 21, 1991.

David Sharp, Angleton, for appellant.

Kelly McClendon, Angleton, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

A jury convicted appellant of the offense of possession of a controlled substance, and assessed punishment at five years confinement in the Texas Department of Criminal Justice, Institutional Division. In five points of error, appellant complains of the state's failure to disclose its informant's identity, the admission of unlawfully seized evidence, the admission of a statement made by appellant, the sufficiency of the evidence, and admission of evidence of an unadjudicated offense. We affirm.

Sergeant Earl Joe Shoemake of the Freeport Police Department received a call around 8:30 p.m. from a confidential informant. This informant had provided reliable information to Shoemake on six previous occasions. The informant told Sergeant Shoemake that he had spoken with appellant that afternoon. The informant said that appellant and Kevin Barnes would be returning to Freeport from Houston at around 9:00 p.m. with their regular "run" of cocaine. He described the route they would use, the car they would be driving and gave Shoemake the car's license plate number.

At approximately 9:00 p.m., Shoemake and his partner Sergeant Reuben Gonzales spotted the car described by the informant. They recognized appellant in the passenger seat and Barnes as the driver. The officers drove onto the highway, pulled in behind appellant's car and turned on their lights.

After appellant and Barnes pulled off the highway, the officers asked them to get out of the car. The officers told the two they were going to search the car, because

they had reason to believe appellant and Barnes had cocaine in it. Appellant made an attempt to reach into the passenger side of the car. The officers stopped him and moved the two men to the rear of the car. While Shoemake stood with appellant and Barnes, Gonzales looked inside the car. In a cup holder between the driver and passenger seat, Gonzales saw three "baggies" of cocaine on the top of a cup of ice. Appellant and Barnes were then placed under arrest and read their *Miranda* rights.

■ Appellant first complains the trial court erred by failing to require the state to disclose the identity of Officer Shoemake's confidential informant. Disclosure of a confidential informant's identity is governed by the rules of evidence, which give the state a privilege to refuse to reveal an informant's identity. TEX.R.CRIM. EVID. 508(a). The exceptions to that privilege are as follows: 1) voluntary disclosure by the public entity, 2) the informant appears as witness for the public entity, 3) it appears from the evidence in the case, or from other showing by a party, that an informer may be able to give testimony necessary to a fair determination of the issue of guilt/innocence, or 4) information from an informer is relied upon to establish the legality of the means by which evidence was obtained and the judge is not satisfied that the information was received from an informer reasonably believed to be reliable. TEX.R.CRIM.EVID. 508(c).

Shoemake's testimony established that the informant was not present at the time of the offense or arrest, and that the informant had previously provided reliable information. The burden was on appellant to bring forth evidence that the informant's testimony was essential to a fair determination of the issue of guilt or innocence. *Smith v. State,* 781 S.W.2d 418, 421 (Tex. App.—Houston [1st Dist.] 1989, no pet.) (interpreting TEX.R.CRIM.EVID. 508). Appellant made no showing that the informant's testimony was otherwise essential to a fair presentation of the evidence. The trial court did not abuse its discretion by overruling appellant's motion. Point of error one is overruled.

■ Next, appellant contends the trial court erred by overruling his motion to suppress evidence. Appellant asserts that the search of the car was illegal since the officers did not have a warrant and the facts known to them were insufficient to establish probable cause.

Appellant is not the owner of the vehicle, and states in his motion to suppress he was merely a passenger. Fourth Amendment rights are personal rights that may not be vicariously asserted. *Brown v. United States,* 411 U.S. 223, 230, 93 S.Ct. 1565, 1570, 36 L.Ed.2d 208 (1973). A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. *Rakas v. Illinois,* 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978), *citing Alderman v. United States,* 394 U.S. 165, 174, 89 S.Ct. 961, 967, 22 L.Ed.2d 176 (1969).

Appellant argues that he had standing to challenge the search since there was no evidence that he did not have the owner's permission to use the car. The proponent to a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure. *See Simmons v. United States,* 390 U.S. 377, 389–90, 88 S.Ct. 967, 973–74, 19 L.Ed.2d 1247 (1968); *Jones v. United States,* 362 U.S. 257, 261, 80 S.Ct. 725, 731, 4 L.Ed.2d 697 (1960). Appellant failed to present evidence to establish his proprietary or possessory interest in the automobile; thus the trial court properly overruled the motion to suppress.

Additionally, appellant did not obtain a ruling on the motion to suppress before the start of the trial. Although it was a rather unorthodox procedure to follow, the trial court simply told both sides to put on their cases and instructed defense counsel, "object, if you think you ought to object and I'll rule[; t]hat's the only way I know to do it." Although appellant's counsel intermittently objected, the officers testified without objection to all of the facts and circumstances surrounding the stop, the search

and the results of the search. When the state offered the bags of cocaine into evidence following the testimony of the chemist, defense counsel stated, "Your Honor, we have no objections to State's Exhibits 1, 2, and 3 [the bags of cocaine]. We'd object to State's Exhibits 4 and 5 [the envelopes in which the bags were placed] based on the relevance." No ruling was obtained on the motion to suppress until the conclusion of testimony. Accordingly, even if appellant could properly challenge the legality of the search, any error was waived.

▪ In his third point of error, appellant contends the trial court erred by permitting Sergeant Shoemake to repeat a statement made by appellant at the time of his arrest. Appellant argues that the remark was an oral statement made as a result of custodial interrogation, which was inadmissible since it did not meet the requisites of TEX. CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1979 and Supp.1991).

After Sergeant Shoemake placed appellant under arrest and read him his rights, Shoemake said to appellant, "I told you sooner or later I was going to catch [you] and that I'd come for [you]". Appellant responded, "you got me."

Article 38.22 provides in pertinent part: "[n]othing in this article precludes the admission of a statement made by the accused ... that is res gestae of the arrest or of the offense, or of a statement that does not stem from custodial interrogation...." TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1979).

Appellant's statement was a voluntary response to Shoemake's remark at the time of arrest; it was not a product of interrogation or in response to an inquiry from an officer. Accordingly, the statement was admissible. *Sanchez v. State*, 589 S.W.2d 422, 423 (Tex.Crim.App.1979). Point of error three is overruled.

Point of error four challenges the sufficiency of the evidence to support the jury's verdict. Appellant asserts that the state did not establish "affirmative links" between the cocaine found in the car and appellant. We disagree.

▪ To establish appellant unlawfully possessed a controlled substance, the state had to prove that appellant exercised care, control and management over the contraband, and that he knew the matter possessed was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App.1988). It is well settled that an accused may possess the contraband jointly; the possession need not be exclusive. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App. 1985). However, mere presence at the place where the contraband is found is not sufficient, there must be some affirmative link existing between the person accused and the contraband. *Id.*

Among the facts and circumstances that have been considered affirmative links are:

(1) the contraband was in plain view of the accused;

(2) the contraband was in close proximity to the accused and readily accessible to him;

(3) the amount of contraband found is large enough to indicate that the accused knew of its presence;

(4) the conduct of accused with respect to the contraband was such as to indicate his knowledge and control.

*Brunson v. State*, 750 S.W.2d 277, 280 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd).

In reviewing the evidence we must view it in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 317–18, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979).

▪ The record before us reveals evidence from which the jury could have found, beyond a reasonable doubt, that appellant possessed the cocaine. The cocaine was in plain view of appellant, and within easy reach. It was in "baggies" on top of a cup of ice in a holder next to appellant. It was in an amount large enough that appellant would know of its presence. Since the ice in the cup was not melted, it is

not reasonable to hypothesize that the cocaine was left in the car at some earlier time. Appellant's attempt to lunge into the passenger side of the car as Sergeant Gonzales began to search, and his remark, "you got me", further indicate he knew that the "baggies" were in the cup and that they contained contraband. Point of error four is overruled.

In his final point of error, appellant complains of the admission of evidence of an unadjudicated offense during the punishment phase of the trial. Evidence of the unadjudicated offense was properly admitted as evidence "as to any matter the court deems relevant to sentencing". TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(a) (Vernon Supp.1990). The evidence of a pending delivery of a controlled substance charge was relevant to the jury's deliberation on punishment. *McMillian v. State*, 799 S.W.2d 311, 313–14 (Tex.App.—Houston [14th Dist.] 1990, pet. granted). Point of error five overruled.

We affirm the judgment of the trial court.