Lopez-JB v. State 









[WITHDRAWN 5-17-96]
[REINSTATED 9-4-96]




IN THE
TENTH COURT OF APPEALS
 

No. 10-92-035-CR

     JOSEPH BERNARDO LOPEZ,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 12,599
                                                                                                    

O P I N I O N
                                                                                                    

      A jury convicted Appellant of murder with a deadly weapon. It found that both enhancement
allegations, which consisted of two prior felony convictions, were true and sentenced him to
ninety-nine years in prison as a repeat offender. Appellant asserts two points of error: (1) that the
trial court erred by admitting testimony from a prison sergeant concerning a statement Appellant
had made, and (2) that the court erred in denying Appellant's motion for mistrial. We will affirm
the judgment.
FACTUAL BACKGROUND
      Appellant Lopez allegedly stabbed fellow inmate Henry Rodriguez on August 4, 1991, while
chasing him around the recreation yard at the Hughes Unit of the Institutional Division of the
Texas Department of Criminal Justice. Sergeant Fitz-Randolph saw the victim run past him
dripping with blood and saw Appellant make a throwing motion towards a group of trash cans. 
The sergeant stopped Appellant, instructed him to put his hands behind his back, and then
handcuffed him. Sergeant Fitz-Randolph returned to the recreation yard and saw what appeared
to be a handmade weapon beneath the trash cans. He then returned inside and sent Rodriguez to
the infirmary. Rodriguez was taken to a hospital in Temple where he died from the stab wounds
a few hours later. 
      After ordering the victim to the infirmary, the sergeant proceeded to search Appellant for
additional weapons and told him "not to be struggling or kicking or anything." Sergeant Fitz-Randolph testified that Appellant was extremely excited and that he was only trying to calm him
down, at which point Appellant stated, "I don't have anything against you Sarge. I'm done with
it now." 
      Sergeant Fitz-Randolph further testified during a Jackson v. Denno hearing outside the jury's
presence on the admissibility of Appellant's statement that he did not attempt to question or
interrogate Appellant during the search, nor did he inquire whether Appellant was the person who
had stabbed Rodriguez. See Jackson v. Denno, 378 U. S. 368, 397 (1964); Tex. Code Crim.
Proc. Ann. art. 38.22, § 6 (Vernon 1979). Sergeant Fitz-Randolph acknowledged that he had
not yet given Appellant his Miranda warnings at the time he made the statement in question. See
Miranda v. Arizona, 384 U.S. 436, 443 (1966).
APPELLANT'S STATEMENT
      In point one, Appellant complains that the court erred in admitting testimony from Sergeant
Fitz-Randolph regarding Appellant's statement during the sergeant's search of him. He argues
that admission of the testimony violated his rights under the Fifth and Fourteenth Amendments of
the United States Constitution as well as under Article 1, Section 10, of the Texas Constitution. 
Appellant also contends that admission of the testimony violated his rights under articles 1.05,
38.22, and 38.23 of the Texas Code of Criminal Procedure.
      Generally, an oral statement made by an accused during custodial interrogation and before he
has been given his Miranda warnings is inadmissible. Miranda, 384 U.S. at 443; Tex. Code
Crim. Proc. Ann. art. 38.22 § 3(a) (Vernon Supp. 1993). Appellant contends that the statement
made by Sergeant Fitz-Randolph to Appellant—"not to be struggling or kicking at me or
anything"—was essentially equivalent to interrogation, so that Appellant's reply prior to receiving
Miranda warnings that he was "done with it now" amounted to an inadmissible inculpatory
statement made in response to custodial interrogation. See id.
      We disagree. Although under Miranda, "interrogation" is not limited to express questioning
but may include other words or actions on the part of an officer that an officer should know are
reasonably likely to elicit an incriminating response from the suspect, Appellant did not make the
statement in question in the throes of custodial interrogation. See Miranda, 384 U.S. at 447. 
Even assuming that Appellant's statement was made during what might have been construed as
interrogation, the general rule of article 38.22 does not apply to statements that are the res gestae
of the arrest or offense, to statements that are voluntary, or to statements that do not stem from
custodial interrogation. See Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (Vernon 1979); Davis
v. State, 780 S.W.2d 945, 946-47 (Tex. App.—Fort Worth 1989, pet. ref'd).
Sec. 5. Nothing in this article precludes the admission of a statement made by an accused
. . . that is the res gestae of the arrest or of the offense, or of a statement that does not
stem from custodial interrogation, or of a voluntary statement, whether or not the result
of custodial interrogation . . . .

Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (Vernon 1979).
      Thus, a spontaneous statement made while the accused is excited or under the influence of the
emotions stemming from a shocking event is admissible. Nastu v. State, 589 S.W.2d 434, (Tex.
Crim. App. [Panel Op.] 1979).
      Sergeant Fitz-Randolph did not expressly or impliedly ask Appellant any questions, such as
whether he had stabbed Rodriguez. Sergeant Fitz-Randolph did not say anything that would have
led Appellant to think it would be in his best interests to make a statement. He testified that he
was not seeking to elicit a confession. Appellant's statement was clearly made impulsively in the
aftermath of a startling event without time for reflection. See Davis, 780 S.W.2d at 947. We find
Appellant's statement admissible as both res gestae and as a voluntary statement made before
interrogation. See Tex. Code Crim. Proc. Ann. art. 38.22, § 5; Stevens v. State, 671 S.W.2d
517, 520 (Tex. Crim. App. 1984); Sanchez v. State, 589 S.W.2d 422, 423 (Tex. Crim. App.
[Panel Op.] 1979); Cannon v. State, 807 S.W.2d 631, 634 (Tex. App.—Houston [14th Dist.]
1991, no pet.); Davis, 780 S.W.2d at 947. 
      Point one is overruled.
TESTIMONY OF THREATS
      In point two, Appellant complains that the trial court erred in overruling his motion for
mistrial when the prosecutor elicited from witness Mark Sandifer that he had been threatened to
prevent him from testifying, despite the prosecutor's acknowledged failure to connect the threats
to Appellant.
      Although Sandifer answered affirmatively that he had been threatened in an attempt to prevent
him from testifying, Appellant objected before the State could connect the alleged threat to
Appellant. Appellant asserts that the prejudicial impact of this testimony substantially outweighs
any probative value that it might have had and thus constitutes reversible error.
      We disagree. An error in the admission of improper testimony is cured by the court's
instruction to the jury to disregard, except in extreme cases where it appears that the question or
evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest
the impossibility of withdrawing the impression produced on their minds. Kelley v. State, 677
S.W.2d 34, 36 (Tex. Crim. App. 1984). Although the testimony in question was irrelevant, the
court sustained Appellant's objection before the State could tie the alleged threat to Appellant, thus
minimizing any harm that might have resulted from the testimony. The court then instructed the
jury to disregard that part of Sandifer's testimony. The court's instruction was sufficient to
obviate the minimal harm, if any. The question and response at issue here, in the context of
questions that inquired as to possible bias, did not meet the Kelly v. State test of the circumstances
when an instruction to disregard will not dissipate the impression that might have been made on
the jurors' minds by improper testimony. See id. The court's instruction in this instance was
sufficient to remove any possible harm. See id. We overrule point two.
      The judgment is affirmed.
                                                                                     PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed June 2, 1993
Do not publish
[WITHDRAWN BY ORDER 5-17-96]
[REINSTATED BY ORDER 9-4-96]