TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00036-CR







Ronald Dale Baker, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8960, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING







 Appellant Ronald Dale Baker was charged with possession of a controlled
substance, namely cocaine, in an amount less than one gram, a state jail felony. See Tex. Health
& Safety Code Ann. § 481.115(b) (West Supp. 1999). Following the trial court's denial of his
motion to suppress and motion to reveal the identity of the State's confidential informant, Baker
pleaded no contest to the charge pursuant to a plea agreement. The trial court deferred
adjudication of guilt and placed Baker on five years' probation. See Tex. Code Crim. Proc. Ann.
art. 42.12, § 5 (West Supp. 1999). Baker appeals the trial court's order in two points of error,
claiming that the court erred in (1) failing to grant his request for an in camera hearing on the
issue of whether the identity of the informant was privileged and (2) overruling his motion to
reveal the informant's identity. We will affirm the trial court's decision.


BACKGROUND

 The material facts are undisputed. Officer Robert Shelby, Captain of the Smithville
Police Department, was the sole witness who testified at the pre-trial hearing. Officer Shelby
stated that he had observed the confidential informant make a "controlled purchase" of what
appeared to be cocaine from Baker at Baker's residence. Officer Shelby watched as the informant
arrived at the residence, purchased the substance from Baker on the front porch, and left. The
informant then met with Officer Shelby and produced what proved to be a small amount of
cocaine. The informant told Officer Shelby that more cocaine was located inside Baker's
residence.

 Based upon the information supplied by the informant, Officer Shelby obtained a
warrant that same day to search Baker's house. The warrant was executed several hours later,
early the following morning. The search revealed small amounts of cocaine and marihuana in
several places throughout Baker's house. Baker, who was at home at the time of the search, was
arrested for possession of cocaine. Parnell Jones, an acquaintance of Baker, was also in the home
at the time of the search. Jones was not charged with possession of cocaine, but was arrested
pursuant to an outstanding arrest warrant issued for a probation violation. 

 After being indicted, Baker made two pre-trial motions, one to suppress evidence
and the other requesting the disclosure of the informant's identity. The court overruled both
motions, and Baker thereafter entered into a plea agreement with the State and pleaded no contest
to the charge. On appeal, Baker complains only of the court's decision to overrule his motion to
order the disclosure of the informant's identity.

DISCUSSION

 Baker contends that the trial court erred by failing to order the State to disclose the
informant's identity and that, at the very least, the court should have conducted an in camera
hearing to determine whether the informant could in fact supply testimony necessary for a fair
determination of Baker's guilt or innocence. As a general rule, the State has a privilege to refuse
to disclose the identity of a person who has furnished information to a law enforcement officer
conducting an investigation. See Tex. R. Evid. 508(a). There are, however, three exceptions to
this privilege. See Tex. R. Evid. 508(c)(1)-(3). Baker relies on the second exception, which
provides in part:


Testimony on Merits. If it appears from the evidence in the case or from other
showing by a party that an informer may be able to give testimony necessary to a
fair determination of a material issue on . . . guilt or innocence in a criminal case,
and the public entity invokes the privilege, the court shall give the public entity an
opportunity to show in camera facts relevant to determining whether the informant
can, in fact, supply that testimony.



Tex. R. Evid. 508(c)(2).

 Until the enactment of Rule 508, disclosure of an informant's identity was not
required unless the informant participated in the offense, was present at the time of the offense
or arrest, or was otherwise shown to be a material witness to the transaction or as to whether the
defendant knowingly committed the offense charged. See Anderson v. State, 817 S.W.2d 69, 71-72 (Tex. Crim. App. 1991); Rodriguez v. State, 614 S.W.2d 448, 449 (Tex. Crim. App. 1981). 
Rule 508(c)(2) now requires only that there be a reasonable probability that the informant can
provide testimony necessary to a fair determination of the issue of the defendant's guilt or
innocence, although the original three requirements are still factors that the court should consider. 
See Anderson, 817 S.W.2d at 71.

 Under the Rule 508(c)(2) exception, the defendant bears the initial burden of
showing that the informant may be able to give testimony necessary to a fair determination of the
defendant's guilt or innocence. See Bodin v. State, 807 S.W.2d 313, 318 (Tex. Crim. App.
1991). "Evidence from any source, but not mere conjecture or speculation must be presented to
make the required showing that the informer's identity must be disclosed. The mere filing of a
Rule 508 motion is insufficient to obtain a hearing, much less compel disclosure." Id. Only after
the defendant makes this preliminary showing is the trial court required to hold an in camera
hearing wherein the State is provided the opportunity to show facts to rebut that preliminary
showing. See Bailey v. State, 804 S.W.2d 226, 230 (Tex. App.--Amarillo 1991, no pet.); Cannon
v. State, 807 S.W.2d 631, 633 (Tex. App.--Houston [14th Dist.] 1991, no pet.); Smith v. State,
781 S.W.2d 418, 421 (Tex. App.--Houston [1st Dist.] 1989, no pet.).

 Here, Baker failed to satisfy this initial burden. The only evidence presented at the
pre-trial hearing was the testimony of Officer Shelby, along with the exhibits admitted in
conjunction with his testimony--the controlled substances submission and report, lab report, and
police report. Appellant offered no evidence to refute Officer Shelby's testimony, which
established that (1) the informant was not present at the residence when the search warrant was
executed, (2) the informant had provided reliable information in the past, (3) the informant did
not receive anything from the State in return for supplying the information, and finally (4) that
Parnell Jones (the other man found inside the house during the search) was not the informant. 

 Baker's only response to the State's evidence was his argument that the informant's
identity must be disclosed because the informant was present at the time of the crime and was
therefore a material witness of that crime. We disagree. The transaction between Baker and the
informant and the crime with which Baker is charged are two separate offenses; the informant was
present only at the commission of the former offense. Baker is correct that, generally, when an
informant is present at the time of an illegal transaction or participated in its commission, the
informant is a material witness to that transaction and must be identified. See Anderson, 817
S.W.2d at 72. But here, the illegal transaction in which the informant participated is not the
incident with which Baker is charged. Baker was charged with the possession of a controlled
substance at the time the search warrant was executed, not with the sale or distribution that had
occurred earlier. The transaction between Baker and the informant was not the basis of the
charged offense, and the informant was not a material witness to the events upon which the State
relied for a conviction. Cf. Williams v. State, 787 S.W.2d 198, 200 (Tex. App.--Corpus Christi
1990, pet. ref'd) (court commits reversible error where it denies request to disclose identity of
informant who participates in negotiation and transfer of cocaine, events upon which State relied
for conviction). Rather, the information the informant supplied served only to establish the
probable cause necessary for the issuance of the search warrant. See Kee v. State, 666 S.W.2d
199, 202 (Tex. App.--Dallas 1983), pet. dism'd, improvidently granted, 758 S.W.2d 788 (Tex.
Crim. App. 1988) (noting that court-ordered disclosure of informant's identity is more difficult
to obtain in an attack on validity of search warrant than on question of guilt or innocence). Thus,
we conclude that the informant is not a material witness to the offense with which Baker was
charged. 

 Our conclusion is in line with the holdings of two other Texas courts of appeals in
cases involving similar situations. See Menefee v. State, 928 S.W.2d 274 (Tex. App.--Tyler 1996,
no pet.); Cannon v. State, 807 S.W.2d 631 (Tex. App.--Houston [14th Dist.] 1991, no pet.). In
Menefee, the only testimony was that of the arresting officer who stated that he had personal
contact with the informant, that the informant was not present at the time of appellant's arrest, and
that the informant was not found during the search of the appellant's building. See Menefee, 928
S.W.2d at 279. The court of appeals held that, in light of the undisputed testimony, the trial court
did not abuse its discretion in failing to order an in camera hearing or in refusing to order the state
to disclose the informant's identity because the defendant had only made cursory, conclusory
allegations without offering any evidentiary support. See id. Likewise, the court of appeals in
Cannon held that where the uncontroverted testimony of the arresting police officer established
that the informant was not present at the time of the offense or arrest and that the informant had
previously provided reliable information, the trial court did not err when it refused to order the
disclosure of informant's identity. See Cannon, 807 S.W.2d at 202. 

 Baker nevertheless argues that the informant's identity should have been disclosed
because Baker claims he was "set up" and that he must therefore be provided an opportunity to
cross-examine the informant in order to fairly determine the issue of his guilt or innocence. See
Kee, 666 S.W.2d at 202. To preserve an issue for appellate review, a defendant must make a
timely request, objection, or motion, stating the specific grounds for the ruling he desires the trial
judge to make. See Tex. R. App. P. 33.1(a)(1); King v. State, 953 S.W.2d 266, 268 (Tex. Crim.
App. 1997). The basis for the complaint on appeal must correspond to the objection made at trial. 
See Fuller v. State, 827 S.W.2d 919, 928 (Tex. Crim. App. 1992); Rovinsky v. State, 605 S.W.2d
578, 581 (Tex. Crim. App. 1980). Here, the grounds for Baker's complaint on appeal do not
correspond to the basis of his motion at trial. The only argument Baker advanced at trial in
support of his request was his claim that the informant was present during the commission of the
offense and that the informant was therefore a material witness who should be identified. At no
time during trial did Baker ever claim to have been set up by the informant or anyone else; that
theory was asserted for the first time in his brief on appeal. Thus, this argument was not properly
preserved for our review. But even if this argument had been preserved for our review, we would
nevertheless find it to be without merit. The sole authority Baker cites in support of his argument,
Kee v. State, 666 S.W.2d at 199, is easily distinguishable. In Kee, the defendant contended from
the outset that he had been set up by individuals who he suspected had acted as confidential
informants. See id. The defendant also introduced a substantial amount of evidence in support
of that defense. See id. Here, in addition to failing to raise this defense at trial, Baker failed to
introduce any evidence or otherwise make any showing supporting this theory. Because Baker
did not present this argument to the trial court, and in light of the lack of evidence or any other
showing supporting such a defense, we dismiss this argument.

 In sum, Baker made no showing that the informant's testimony was necessary to
a fair determination of the issue of his guilt or innocence. He failed to present enough evidence
or otherwise make a showing sufficient to merit an in camera hearing, much less to require the
trial court to order the disclosure of the informant's identity. Consequently, we hold that the trial
court did not err in refusing to conduct an in camera hearing and in not ordering the State to
disclose the informant's identity. We overrule Baker's two points of error and affirm the trial
court's order.



 
 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: November 30, 1999

Do Not Publish



tain in an attack on validity of search warrant than on question of guilt or innocence). Thus,
we conclude that the informant is not a material witness to the offense with which Baker was
charged. 

 Our conclusion is in line with the holdings of two other Texas courts of appeals in
cases involving similar situations. See Menefee v. State, 928 S.W.2d 274 (Tex. App.--Tyler 1996,
no pet.); Cannon v. State, 807 S.W.2d 631 (Tex. App.--Houston [14th Dist.] 1991, no pet.). In
Menefee, the only testimony was that of the arresting officer who stated that he had personal
contact with the informant, that the informant was not present at the time of appellant's arrest, and
that the informant was not found during the search of the appellant's building. See Menefee, 928
S.W.2d at 279. The court of appeals held that, in light of the undisputed testimony, the trial court
did not abuse its discretion in failing to order an in camera hearing or in refusing to order the state
to disclose the informant's identity because the defendant had only made cursory, conclusory
allegations without offering any evidentiary support. See id. Likewise, the court of appeals in
Cannon held that where the uncontroverted testimony of the arresting police officer established
that the informant was not present at the time of the offense or arrest and that the informant had
previously provided reliable information, the trial court did not err when it refused to order the
disclosure of informant's identity. See Cannon, 807 S.W.2d at 202. 

 Baker nevertheless argues that the informant's identity should have been disclosed
because Baker claims he was "set up" and that he must therefore be provided an opportunity to
cross-examine the informant in order to fairly determine the issue of his guilt or innocence. See
Kee, 666 S.W.2d at 202. To preserve an issue for appellate review, a defendant must make a
timely request, objection, or motion, stating the specific grounds for the ruling he desires the trial
judge to make. See Tex. R. App. P. 33.1(a)(1); King v. State, 953 S.W.2d 266, 268 (Tex. Crim.
App. 1997). The basis for the complaint on appeal must correspond to the objection made at trial. 
See Fuller v. State, 827 S.W.2d 919, 928 (Tex. Crim. App. 1992); Rovinsky v. State, 605 S.W.2d
578, 581 (Tex. Crim. App. 1980). Here, the grounds for Baker's complaint on appeal do not
correspond to the basis of his motion at trial. The only argument Baker advanced at trial in
support of his request was his claim that the informant was present during the commission of the
offense and that the informant was therefore a material witness who should be identified. At no
time during trial did Baker ever claim to have been set up by the informant or anyone else; that
theory was asserted for the first time in his brief on appeal. Thus, this argument was not properly
preserved for our review. But even if this argument had been preserved for our review, we would
nevertheless find it to be without merit. The sole authority Baker cites in support of his argument,
Kee v. State, 666 S.W.2d at 199, is easily distinguishable. In Kee, the defendant contended from
the outset that he had been set up by individuals who he suspected had acted as confidential
informants. See id. The defendant also introduced a substantial amount of evidence in support
of that defense. See id. Here, in addition to failing to raise this defense at trial, Baker failed to
introduce any evidence or otherwise make any showing supporting this theory. Because Baker
did not present this argument to the trial court, and in light of the lack of evidence or any other
showing supporting such a defense, we dismiss this argument.

 In sum, Baker made no showing that the informant's testimony was necessary to
a fair determination of the issue of his guilt or innocence. He failed to present enough evidence
or otherwise make a showing sufficient to merit an in camera hearing, much less to require the
trial court to order the disclosure of the informant's identity. Consequently, we hold that the trial
court did not err in refusing to conduct an in camera hearing and in not ordering the State to
disclose the informant's identity. We overrule Baker's two points of error and affirm the trial
court's order.



 
 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed