Affirmed and Opinion filed October 31, 2002









Affirmed
and Opinion filed October 31, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01077-CR

____________

 

GARRETT WAYNE SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 9th District Court

Waller County, Texas

Trial Court Cause No. 00-12-10,514

 



 

O P I N I O N

Following a bench trial, appellant was convicted of
possession of a controlled substance with intent to deliver (enhanced to
habitual).  On appeal, appellant asserts
two points of error, arguing he was denied a fair trial and that his judgment
and sentence should be set aside.  We
affirm.

PROCEDURAL BACKGROUND








Appellant was indicted for the offense of possession with
intent to deliver a controlled substance weighing four grams or more, but less
than 200 grams, by aggregate weight.  Tex. Health & Safety
Code Ann. '
481.112(d) (Vernon 2002). 
Appellant’s indictment was enhanced with two prior convictions, making
him an habitual felon. 


On the date of trial, October 10, 2001, appellant moved to
suppress two pieces of evidence: a matchbox taken from appellant’s person
during a search incident to arrest, and a “shiny object” taken from another
offender’s automobile.  Following the
denial of his motion to suppress, appellant entered a plea of guilty.

Punishment was assessed by the trial court at twenty-five
years in the Institutional Division of the Texas Department of Criminal Justice
(TDCJ).  Appellant gave timely notice of
appeal.

FACTUAL BACKGROUND

On October 17, 2000, Investigator Robert Burns, a narcotics
investigator with the Westside Narcotics Task Force, witnessed a silver vehicle
with a broken tail light and no license plate light driving on a road in
Hempstead, Waller County, Texas.  Before
he could stop the vehicle for the traffic violations, he saw a maroon vehicle,
later determined to have been driven by appellant, pull up next to the silver
vehicle.  He saw the driver of the maroon
vehicle toss a “shiny object” into the silver vehicle and drive away.  

Burns proceeded to make a traffic stop of the silver vehicle,
which was being driven by Otis Wilson, a lone occupant.  During the stop, Burns detected an odor of
marijuana coming from inside Wilson’s vehicle. 
He arrested and handcuffed Wilson, placed him in the backseat of his
patrol car, and searched the silver vehicle for evidence.  During the search, Burns found a
golf-ball-sized package of marijuana, which he identified as the “shiny object”
he had seen tossed from appellant’s car into Wilson’s car.  








During the time Burns was stopping and searching Wilson’s
automobile, appellant doubled back in the maroon automobile and drove slowly by
the scene of the traffic stop “two to three times.”  Appellant then parked within six feet of
Wilson’s vehicle and started asking Burns questions about what was “going on”
with Wilson.  Burns instructed appellant
several times to move along, and also told appellant that he was interfering
with an investigation and needed to be on his way.  Despite Burns’ instructions, appellant got
out of his vehicle and stood a short distance from Wilson’s vehicle while Burns
attempted to inventory the vehicle. 
Burns testified that appellant’s presence at the scene in this manner
presented a potential threat and interfered with his investigation because he
was unable to turn his back to appellant to conduct the search and inventory of
Wilson’s vehicle.  Appellant did not
leave the scene.

Burns testified that he decided to arrest appellant for
interfering with the duties of a public servant.  He told appellant he was under arrest and,
before handcuffing him, asked appellant to place his hands on the roof of
appellant’s car.  Burns then frisked
appellant and found a matchbox containing cocaine in appellant’s pants, tucked
inside the waistband.

ISSUES ON APPEAL

Appellant asserts two points of error:  (1) the trial court erred in denying appellant’s
motion to suppress the matchbox and its contents taken from appellant’s person;
and (2) the trial court erred in denying appellant’s motion to suppress the “shiny
object” and its contents taken from Wilson’s vehicle. 

STANDARD OF REVIEW

The standard of review of a trial court=s ruling on a motion to suppress is
abuse of discretion.  Villarreal v.
State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Curry v. State,
965 S.W.2d 32, 33 (Tex. App.CHouston [1st Dist.] 1998, no
pet.).  The appellate court shall
independently review a trial court’s determination of reasonable suspicion and
probable cause, because this requires the application of law to facts.  Ornelas v. United States, 517 U.S. 690, 697 (1996); Guzman v.
State, 955 S.W.2d 85, 87B88
(Tex. Crim. App. 1997); Curry, 965 S.W.2d at 34.  The appellate court shall, however, give
great weight to certain inferences drawn by the trial judge.  Guzman, 955 S.W.2d
at 87.  








The amount of
deference reviewing courts afford trial courts’ rulings on “mixed question of
law and fact” (such as the issue of probable cause) is often determined by
which judicial actor is in a better position to decide the issue.  Id. at 87.  Appellate courts should afford almost total
deference to a trial court’s determination of historical facts that the record
supports, especially when the trial court’s fact findings are based on an
evaluation of credibility and demeanor.  Id. at 89.  The
appellate courts may review de novo “mixed questions of law and fact”
that do not require evaluations of credibility and demeanor.  Id. at 89.  

DENIAL OF APPELLANT’S

MOTION TO SUPPRESS MATCHBOX

 

Appellant argues on appeal that the trial court erred in
failing to suppress the cocaine-laden matchbox that was found in the appellant=s waistband after his arrest by
Burns.  He asserts the search was
improper because appellant=s arrest was warrantless and lacked probable cause.  Appellant=s argument is without merit.  

1.         Appellant was
lawfully arrested.

Burns needed no warrant to arrest appellant.  Under Article 14.01 of the Texas Code of
Criminal Procedure, a peace officer may arrest a person without a warrant if
that person commits an offense in the presence or view of the peace
officer.  Tex. Crim. Proc. Code Ann. ' 14.01(b) (Vernon 2002); Stull v.
State, 772 S.W.2d 449, 452 (Tex. Crim. App. 1989); Gonzales v. State,
638 S.W.2d 41, 44 (Tex. App.CHouston [1st Dist.] 1982, pet. ref=d). 


Burns personally witnessed appellant committing two
offenses.  Under section 38.15(a) of the
Texas Penal Code, it is an offense when “[a] person . . . interrupts, disrupts,
impedes, or otherwise interferes with: (1) a peace officer while the peace
officer is performing a duty or exercising authority imposed or granted by law.”  Tex. Pen. Code ' 38.15(a)(1)
(Vernon 2001).  Under sections 481.120
and 481.121 of the Texas Health and Safety Code, it is also unlawful to deliver
and possess marijuana.  Tex. Health & Safety Code Ann. '' 481.120 and 481.121 (Vernon
2002).  








Because Burns personally witnessed appellant interfering with
the search of Wilson’s vehicle, and since Burns personally observed appellant
transferring a package believed to contain marijuana from his vehicle into
Wilson=s, no warrant was necessary to arrest
appellant for either offense.  Burns’
arrest of appellant for the offense of interference with public duties was
therefore lawful.

Appellant, however, argues he was only asking questions about
Burns’ investigation of Wilson, not physically interfering, and so could not be
arrested for the offense of interference with public duties.  See Tex.
Pen. Code ' 38.15(d) (stating it is a defense to
the offense where objectionable behavior consists of speech only).  

Appellant, however, misstates the facts.  Burns never testified appellant=s questions interfered,
impeded, or interrupted his investigation of Wilson; he testified appellant’s presence
was the “threat” because appellant was standing behind him in close
proximity.  It was appellant=s presence that made Burns
apprehensive for his safety, inhibited his search, and led to appellant=s arrest.  

Because Burns could lawfully arrest a person committing an
offense in his presence, and because appellant committed both interference with
public duties and possession and delivery of a controlled substance in Burns’
presence, his arrest was lawful.  It is
of no consequence that appellant was arrested for a different crime than the
one for which he was eventually charged. 
See Oles v. State, 993
S.W.2d 103, 106 (Tex. Crim. App. 1999). 


2.         Appellant was
lawfully searched.

A search incident to arrest is lawful.  Chimel v. California, 395 U.S. 752, 762B63
(1969); Williams v. State, 726 S.W.2d 99, 101 (Tex. Crim. App. 1987).  An arresting officer may search an arrestee’s
person to discover and remove weapons and to seize evidence to prevent its
concealment or destruction, and may search the area “within the immediate
control” of the person arrested, meaning the area from which he might gain
possession of a weapon or destructible evidence.  Chimel, 395 U.S. at 762B63.  








Burns testified that, as a peace officer, it was his habit to
search arrestees prior to handcuffing them. 
He testified he had foundC“on many occasions”Cmatchboxes containing
contraband.  It was therefore not
unreasonable for Burns to look into appellant’s matchbox during his search of
appellant=s person; it was reasonable for him
to determine if the matchbox held a weapon such as a razor blade or small
knife.  

3.         Appellant’s
matchbox was lawfully seized. 

It is beyond dispute that a firearm or controlled substance
found in a search incident  to a lawful arrest may be admitted into
evidence, regardless of the charge on which police initially arrested an
accused.  Oles,
993 S.W.2d at 106. 
Because appellant was lawfully arrested and his search lawfully
conducted as a “search incident to arrest,” Burns= seizure of the matchbox containing
cocaine in appellant’s waistband was lawful. 
U.S. Const. amend. IV. 
Accordingly, the trial court did not err in failing to suppress
this evidence.  

We overrule appellant=s first point of error.   

DENIAL OF APPELLANT’S MOTION TO SUPPRESS

THE “SHINY OBJECT” FOUND IN WILSON’S AUTOMOBILE

 

In his second point of error, appellant argues that the trial
court erred in failing to suppress the shiny ball of marijuana found in Wilson’s
vehicle.[1]  Appellant, however, has no standing to raise
this issue.  








Fourth Amendment rights are personal rights that may not be
vicariously asserted.  Brown v. U.S.,
411 U.S. 223, 230 (1973); Cannon v. State, 807 S.W.2d 631, 633 (Tex. App.CHouston [14th Dist.] 1991, no pet.).  It is appellant’s burden of proof to
establish that he has standing.  State v. Klima, 934 S.W.2d 109,
111 (Tex. Crim. App. 1996).  The
State may raise the issue of lack of standing for the first time on appeal in
cases where an appellant=s motion to suppress evidence was not granted.  Id. at 112. 

An infringement of Fourth Amendment rights occurs when a
person has an expectation of privacy and that expectation is violated.  Katz v. U.S., 389
U.S. 347, 352 (1967); U.S. v. Hunt, 505 F.2d 931, 938 (5th Cir. 1974).  Unless the appellant can demonstrate an
infringement of his Fourth Amendment rights, a mere passenger does not have
standing to challenge the search of an automobile in which he is riding.  Cannon, 807 S.W.2d at 633; Harris
v. State, 713 S.W.2d 773, 775 (Tex. App.CHouston [1st Dist.] 1986, no pet.). 

In appellant’s case, he had no expectation of privacy in
Wilson’s automobile.  Mancusi
v. DeForte, 392 U.S. 364, 368 (1968).  Not only was he not the driver of the
vehicle in which the marijuana was found, he was not even a passenger in
it.  Additionally, no evidence was
admitted that he had a possessory interest in the car, that he was ever inside
the car, or that he had an interest in any of the articles stored within the
car. 

Even if appellant did have standing to object to admission of
the marijuana evidence, he cites no authority for his second point of error
that the trial court improperly denied his motion to suppress the
marijuana.  A brief that is conclusory
and cites no authority presents nothing for review.  Tex.
R. App. P. 38.1 (h); Pierce v. State, 777 S.W.2d 399, 418 (Tex.
Crim. App. 1989); Burns v. State, 923 S.W.2d 233, 237 (Tex. App.CHouston [14th Dist.] 1996, pet ref’d.).  Because appellant cites no constitutional
provision, statutory authority, or case law to support his claim, we find this
point of error to be inadequately briefed and decline to address it.  See Vuong v.
State, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992).


Accordingly, appellant’s second point of error is overruled.








CONCLUSION

We overrule appellant’s points of
error and affirm the judgment of the trial court.  

 

 

 

/s/        John S. Anderson

Justice

 

 

 

 

 

Judgment rendered
and Opinion filed October 31, 2002.

Panel consists of
Justices Yates, Anderson, and Frost.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]  It is unclear
whether appellant asked the trial court to suppress the ball of marijuana found
by Burns. The motion to suppress filed by appellant asked the trial court to
suppress the matchbox and cocaine found on appellant as well as “any and all
tangible evidence seized by law enforcement officers . . . in connection with
the detention and arrest of Garrett Smith . . . .”  Since the marijuana in Wilson=s vehicle was actually found prior to appellant=s arrestCand
since it pertained only to the detention and arrest of WilsonCit is not clear whether appellant made a specific
request that the marijuana be suppressed. 
If appellant did not specifically ask the trial court to suppress the
marijuana, he cannot complain of it for the first time on appeal.  See Tex.
R. App. P. 33.1.  We will read
appellant=s motion broadly to include the marijuana.