NO. 07-02-0444-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 3, 2003
_____

JASON HARDIN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. 43,460-B; HON. ED SELF, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Jason Hardin (appellant) appeals his felony conviction for aggravated assault on a public servant. He pled not guilty to the offense, and the accusation was tried by a jury. The latter not only convicted him but also assessed his punishment at 47 years in prison. Thereafter, appellant timely filed his notice of appeal. Appellant's appointed counsel filed

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2003).

an *Anders*[2] brief and represented to us that he believed the appeal to be "frivolous and without merit."  So too did he 1) move to withdraw and 2) inform appellant of his right to review the record and submit a *pro se* written response.   We also informed appellant, via letter dated April 23, 2003, of his right to review the record and file a *pro se* brief.  He was directed to file any response by May 23, 2003.  Per the request of appellant, that deadline was first extended to June 23, 2003, and then to July 23, 2003.  The court received a *pro se* brief from him on July 24, 2003.  In it, appellant raises two issues.  They involve the sufficiency of the evidence and purported charge error.  We affirm the judgment of the trial court for the following reasons.

Regarding the sufficiency issue, appellant contends that the State failed to prove that he recklessly assaulted an individual he knew to be a public servant.  That is, he contends that he did not know that the individual he struck with his car (Officer Buxton) was a law enforcement officer.  This was allegedly so because he did not see the individual until immediately before hitting him.  We overrule the contention.

According to the record, appellant was involved in a nighttime high speed car chase with law enforcement personnel and attempted to escape capture by speeding down Interstate 27.  The chase began in Tulia, Texas.  While proceeding through Plainview, Texas, (ten to fifteen miles down the road from Tulia) appellant and Officer Beverage (of the Plainview Police Department) headed in the direction of Officer Buxton, a trooper with the Texas Department of Public Safety.  Buxton had stopped his patrol car adjacent to the interstate and exited it to place spikes atop the roadway.  All the while the flashing or

---

[2]*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

emergency lights of Buxton's DPS vehicle were on and visible. Moreover, as appellant and Beverage approached the spot at which Buxton stood, appellant saw an individual waving his arms. The individual was Buxton. Whether he also saw the material on the roadway is unknown. Nevertheless, appellant's vehicle was seen swerving in the direction of Buxton. It then struck him. Appellant did not stop but rather sped away.

That appellant was involved in a high speed chase with law enforcement personnel, that Buxton's vehicle appeared adjacent to the interstate, that its emergency lights were flashing in the night, that the flashing lights were visible from the interstate, that Buxton was located near the patrol unit with its flashing lights, that appellant admitted to seeing someone (later identified as Buxton) waving his arms, and that appellant swerved towards and hit the person so waving his arms while attempting to evade capture is some evidence from which a rational factfinder could infer, beyond reasonable doubt, that appellant knew the individual he struck was a law enforcement officer or public servant. Thus, we reject his contention to the contrary.

Regarding the purported charge error, appellant asserts that the trial court should have submitted to the jury the lesser-included offense of simple assault. He was allegedly entitled to the submission because "officer [Buxton] caused his own assault in the pursuit of his legal duties by placing himself in the roadway against his training and against other officer's better judgment . . . ." We overrule this contention as well.

Whether a jury should be informed of a lesser-included offense depends upon two factors. First, proof of the lesser offense must be included within the proof necessary to establish the greater offense; and, second, the record must contain some evidence

3

illustrating that if the defendant is guilty, he is guilty of only the lesser offense. *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000); *Hardie v. State*, 79 S.W.3d 625, 630 (Tex. App.--Waco 2002, pet. ref'd). Appellant does not assert that both or either of these two elements were satisfied. Nor does his assertion that the officer caused his own injuries by purportedly exercising bad judgment fall within the scope of either. That Officer Buxton allegedly caused his own injuries at best negates the element of causation inherent in both the crimes of aggravated assault and simple assault.[3] In other words, it potentially negates his guilt for both crimes, not simply his guilt for committing the greater offense.[4] This is of import since proof allegedly illustrating that no crime occurred does not entitle the accused to a charge on any lesser offense. *Smith v. State,* 60 S.W.3d 885, 889 (Tex. App.-- Amarillo 2001, no pet.). Consequently, the trial court did not error in refusing to charge the jury on simple assault merely because Officer Buxton supposedly caused his own injuries.

Lastly, we have considered the sole issue raised by appellant's counsel in his *Anders* brief. Therein, he argued that the trial court erred in overruling his motion to suppress statements uttered by appellant after he was captured in Lubbock, Texas. Those statements purportedly should have been suppressed because they were made while

---

[3]As charged, the State could convict appellant of aggravated assault if it proved that he 1) intentionally, knowingly, or recklessly, 2) caused serious bodily injury, 3) to a person he knew was a public servant, and 4) who was lawfully discharging an official duty. TEX. PEN. CODE ANN. §22.02 (Vernon 2003). On the other hand, simple assault is proven through evidence that the accused 1) intentionally, knowingly, or recklessly, 2) caused bodily injury to another. *Id.* at §22.01(a)(1) (Vernon 2003). As can be seen, inherent in each crime is an element of causation requiring proof that the accused caused the victim to suffer bodily injury.

[4]This assumes that the jury believed that Buxton caused his own injuries. As factfinder, it was free to reject that theory and conclude from the evidence that appellant's high speed flight and swerving in Buxton's direction are what caused Buxton to be injured.

4

appellant was in custody and before he was Mirandized. According to the record, the arresting officer advised appellant about the charges which could be levied in Lubbock County. He then stated that he did not know what charges could be levied in Hale County due to the Plainview spree. Appellant replied that he could not be charged with anything there. The officer then told him that he had hit a police officer and that the authorities in Hale County could charge him with whatever they wanted to charge him with. This caused appellant to retort that he did not see Buxton until immediately before he struck him and that Buxton caused his own injuries. Given the totality of the circumstances, the trial court could have reasonably concluded that the exchange in which the arresting officer and appellant engaged was not interrogation or its equivalent but rather an explanation of potential charges resulting in appellant volunteering his comments. When the situation is so viewed, the trial court did not abuse its discretion in overruling the motion to suppress. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 §5 (Vernon 1979) (specifying that statements which do not stem from interrogation or which are volunteered are not inadmissible under the article); *Sanchez v. State*, 589 S.W.2d 422, 423 (Tex. Crim. App. 1979) (holding that the statements were voluntary and admissible because they were not made in response to interrogations or inquiry); *Cannon v. State*, 807 S.W.2d 631, 634 (Tex. App.--Houston [14th Dist.] 1991, no pet.) (holding the same).

We also conducted an independent review of the record and legal authority to assess the accuracy of counsel's representation regarding the frivolity of the appeal. *See Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991) (requiring same). Upon conducting that review, we too conclude that there exists no error warranting reversal of

5

the judgment.  Accordingly, appellate counsel's motion to withdraw is granted, and the judgment is affirmed.

Brian Quinn
Justice

Do not publish.