NO. 07-02-0355-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 23, 2004



______________________________




BRYAN PARRACK, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR-01D-058; HONORABLE H. BRYAN POFF, JR., JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ON ABATEMENT AND REMAND


 Appellant Bryan Ray Parrack has given notice of appeal from a judgment in cause
number CR-01D-058 in the 222nd District Court of Deaf Smith County (the trial court). 
After he filed appellant's brief but before oral argument in the case, counsel for appellant,
Kent Birdsong, filed a Motion to Withdraw and Substitute Counsel on October 15, 2003. 
On October 20, 2003, the trial court ordered substitution of Vaaiva Rudd Edwards as
attorney of record. On March 15, 2004, this Court granted Mr. Birdsong's Motion to
Withdraw as Attorney. 

 On April 9, 2004, Ms. Edwards filed a Motion to Withdraw as Counsel, notifying
appellant of his right to object to the motion. Tex. R. App. P. 6.5(a)(4). No objection has
been received. Ms. Edwards' motion is granted.

 In Texas, every person convicted of a crime has a statutory right to appeal. See
Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979); Nguyen v. State, 11 S.W.3d 376,
378-79 (Tex.App.-Houston [14th Dist.] 2000, no pet. h); Johnson v. State, 885 S.W.2d 641,
644 (Tex.App.-Waco 1994, pet. ref'd). The Sixth and Fourteenth Amendments of the
United States Constitution guarantee a criminal defendant the right to counsel on a first
appeal. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). An
attorney must be appointed by the state to represent an indigent defendant on the first
appeal. See McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 435, 108 S.Ct.
1895, 1900, 100 L.Ed.2d 440 (1988). In Texas, the trial court has been designated to
appoint the appellate attorney for an eligible indigent defendant. See Tex. Code Crim.
Proc. Ann. arts. 1.051(d)(1), 26.04(a). 

 Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex.
R. App. P. 43.6. Upon remand, the judge of the trial court is directed immediately to (1)
conduct any necessary hearings; (2) appoint counsel to represent appellant on appeal; (3)
cause the appointment to be included in a supplemental clerk's record; (4) cause any
hearing proceedings to be transcribed and included in a reporter's record of the hearing;
and (5) have a record of the proceedings made to the extent any of the proceedings are
not included in the supplemental clerk's record or the reporter's record. In the absence of
a request for extension of time from the trial court, the supplemental clerk's record,
reporter's record of any hearing, and any additional proceeding records, including any
orders, findings, conclusions and recommendations, are to be sent so as to be received by
the clerk of this court not later than May 5, 2004. 

 

 Per Curiam


Do not publish.





 its emergency lights were
flashing in the night, that the flashing lights were visible from the interstate, that Buxton
was located near the patrol unit with its flashing lights, that appellant admitted to seeing
someone (later identified as Buxton) waving his arms, and that appellant swerved towards
and hit the person so waving his arms while attempting to evade capture is some evidence
from which a rational factfinder could infer, beyond reasonable doubt, that appellant knew
the individual he struck was a law enforcement officer or public servant. Thus, we reject
his contention to the contrary. 

 Regarding the purported charge error, appellant asserts that the trial court should
have submitted to the jury the lesser-included offense of simple assault. He was allegedly
entitled to the submission because "officer [Buxton] caused his own assault in the pursuit
of his legal duties by placing himself in the roadway against his training and against other
officer's better judgment . . . ." We overrule this contention as well.

 Whether a jury should be informed of a lesser-included offense depends upon two
factors. First, proof of the lesser offense must be included within the proof necessary to
establish the greater offense; and, second, the record must contain some evidence
illustrating that if the defendant is guilty, he is guilty of only the lesser offense. Wesbrook
v. State, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000); Hardie v. State, 79 S.W.3d 625, 630
(Tex. App.--Waco 2002, pet. ref'd). Appellant does not assert that both or either of these
two elements were satisfied. Nor does his assertion that the officer caused his own
injuries by purportedly exercising bad judgment fall within the scope of either. That Officer
Buxton allegedly caused his own injuries at best negates the element of causation inherent
in both the crimes of aggravated assault and simple assault. (3) In other words, it potentially
negates his guilt for both crimes, not simply his guilt for committing the greater offense. (4) 
This is of import since proof allegedly illustrating that no crime occurred does not entitle
the accused to a charge on any lesser offense. Smith v. State, 60 S.W.3d 885, 889 (Tex.
App.-- Amarillo 2001, no pet.). Consequently, the trial court did not error in refusing to
charge the jury on simple assault merely because Officer Buxton supposedly caused his
own injuries.

 Lastly, we have considered the sole issue raised by appellant's counsel in his
Anders brief. Therein, he argued that the trial court erred in overruling his motion to
suppress statements uttered by appellant after he was captured in Lubbock, Texas. Those
statements purportedly should have been suppressed because they were made while
appellant was in custody and before he was Mirandized. According to the record, the
arresting officer advised appellant about the charges which could be levied in Lubbock
County. He then stated that he did not know what charges could be levied in Hale County
due to the Plainview spree. Appellant replied that he could not be charged with anything
there. The officer then told him that he had hit a police officer and that the authorities in
Hale County could charge him with whatever they wanted to charge him with. This caused
appellant to retort that he did not see Buxton until immediately before he struck him and
that Buxton caused his own injuries. Given the totality of the circumstances, the trial court
could have reasonably concluded that the exchange in which the arresting officer and
appellant engaged was not interrogation or its equivalent but rather an explanation of
potential charges resulting in appellant volunteering his comments. When the situation
is so viewed, the trial court did not abuse its discretion in overruling the motion to
suppress. See Tex. Code Crim. Proc. Ann. art. 38.22 §5 (Vernon 1979) (specifying that
statements which do not stem from interrogation or which are volunteered are not
inadmissible under the article); Sanchez v. State, 589 S.W.2d 422, 423 (Tex. Crim. App.
1979) (holding that the statements were voluntary and admissible because they were not
made in response to interrogations or inquiry); Cannon v. State, 807 S.W.2d 631, 634
(Tex. App.--Houston [14th Dist.] 1991, no pet.) (holding the same).

 We also conducted an independent review of the record and legal authority to
assess the accuracy of counsel's representation regarding the frivolity of the appeal. See
Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991) (requiring same). Upon
conducting that review, we too conclude that there exists no error warranting reversal of
the judgment. Accordingly, appellate counsel's motion to withdraw is granted, and the
judgment is affirmed. 

 Brian Quinn 

 Justice 


 Do not publish. 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
3. As charged, the State could convict appellant of aggravated assault if it proved that he 1)
intentionally, knowingly, or recklessly, 2) caused serious bodily injury, 3) to a person he knew was a public
servant, and 4) who was lawfully discharging an official duty. Tex. Pen. Code Ann. §22.02 (Vernon 2003). 
On the other hand, simple assault is proven through evidence that the accused 1) intentionally, knowingly,
or recklessly, 2) caused bodily injury to another. Id. at §22.01(a)(1) (Vernon 2003). As can be seen, inherent
in each crime is an element of causation requiring proof that the accused caused the victim to suffer bodily
injury. 
4. This assumes that the jury believed that Buxton caused his own injuries. As factfinder, it was free
to reject that theory and conclude from the evidence that appellant's high speed flight and swerving in
Buxton's direction are what caused Buxton to be injured.