Affirmed and Memorandum Opinion filed November 17, 2005









Affirmed and Memorandum Opinion filed November 17,
2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00619-CR

NO.
14-04-00620-CR

____________

 

REGINALD TYRONE
KELLY,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause Nos. 965,179
& 965,180

 



 

M E M O R A N D U M  O P I N I O N








In a single trial, a jury convicted
appellant, Reginald Kelly, for possession of a controlled substance, namely
cocaine, weighing less than one gram, including any adulterants and dilutants,
and unauthorized use of a vehicle.  See
Tex. Health & Safety Code Ann.
' 481.102(3)(D)
(Vernon Supp. 2004), '' 481.115(a)B(b) (Vernon 2003);
Tex. Pen. Code Ann. ' 31.07 (Vernon
2003).  The jury assessed punishment at
eight years= confinement on each cause, to run
concurrently, and assessed a $500 fine. 
In a single issue, appellant contends the trial court erred in admitting
into evidence his unrecorded oral statements made during custodial
interrogation.  We affirm.

I. 
FACTUAL BACKGROUND      

On October 16, 2003, two Houston Police
officers, Sergeant Coker and Officer Lummus, pulled over appellant because the
car appellant was driving had been reported stolen.  The officers immediately handcuffed appellant,
searched him for weapons, placed him in the back seat of the patrol car, and
read him his Miranda rights. 
Shortly thereafter, Sergeant Coker, while standing outside the vehicle,
saw three rocks of crack cocaine inside the car in an open compartment to the
left side of the steering wheel. 

While Sergeant Coker inventoried the car,
Officer Lummus spoke by telephone to the woman who owned the car, Billie
Coleman.  Coleman told Officer Lummus her
purse and keys were inside the car when it was stolen.  After speaking with Ms. Coleman, Officer Lummus
asked appellant where he got the car, and appellant stated he got the car Afrom a man named
Billie Coleman.@ 
Officer Lummus responded to appellant=s answer by
telling appellant Billie Coleman was a female, not a male.  Officer Lummus then told appellant Coleman=s purse was
missing from inside the car.  Appellant
did not respond to Officer Lummus= statement about
the whereabouts of the missing purse. 
Instead, appellant wanted his cell phone from inside the stolen
car.  Officer Lummus explained to
appellant she could not give him the phone because she did not know whether the
phone belonged to Coleman or appellant. 
When Officer Lummus did not give appellant the phone, appellant told
Officer Lummus, AWell, that=s my cell
phone.  Her purse is over there where I
am staying.@ 
Appellant then told Officer Lummus the purse could be found under a pile
of clothes.  The officers went to the
location, appellant=s aunt=s house, and
retrieved the purse Coleman had described and its contents, including Coleman=s identification
and credit cards.  The officers next
transported appellant to jail.  En route,
appellant told the officers, AHow can ya=ll take me to jail
when I have cooperated with you?  That
lady is getting her car back and her purse.@  All the preceding statements made by
appellant were oral and unrecorded.        









II. 
DISCUSSION

Appellant contends the trial court erred
in admitting into evidence his unrecorded oral statements made during custodial
interrogation.  Article 38.22 of the
Texas Code of Criminal Procedure governs the admissibility of oral statements
by an accused.  It provides in pertinent
part: 

Sec. 3.(a)  No oral or sign language statement of an
accused made as a result of custodial interrogation shall be admissible against
the accused in a criminal proceeding unless:

(1) an electronic recording, which
may include motion picture, video tape, or other visual recording, is made of
the statement; 

*
* *

(c) 
Subsection (a) of this section shall not apply to any statement which
contains assertions of fact or circumstances that are found to be true and
which conduce to establish the guilt of the accused, such as the finding of
secreted or stolen property or the instrument with which he states the offense
was committed.  

Tex. Code Crim. Proc. Ann. art. 38.22 '' 3(a)(1), (c)
(Vernon 2005).

Appellant does not provide any specific citation to the
record pinpointing the exact statements of which he complains on appeal.  However, the record reveals in a pre-trial
hearing, appellant sought to exclude evidence as to three statements made by
appellant.  The trial judge overruled
appellant=s hearsay objections to each
statement.  








Appellant made three statements after officers arrested
him.  After speaking to Coleman to verify
whether the vehicle was actually stolen, Officer Lummus approached appellant, discussed the
circumstances by which appellant had this particular vehicle, and inquired into
the location of Coleman=s purse.  During that
conversation initiated by Officer Lummus, appellant made two statements: (1) AWell that=s my cell
phone.  Her purse is over there where I=m staying@ and (2) he got
the car Afrom a man named
Billie Coleman.@ 
Appellant made a third statement while police transported appellant to
jail: AHow can ya=ll take me to jail
when I have cooperated with you?  That
lady is getting her car back and her purse.@  We will analyze each of those statements in
turn. 

A.                
Appellant=s
statement while in the back of the police car

In his brief, appellant appears to not attack the
admissibility of his third unrecorded oral statement in which he asked the
officers, AHow can ya=ll take me to jail
when I have cooperated with you?  That
lady is getting her car back and her purse.@  Appellant appears to concede the statement
was not made in response to custodial interrogation initiated by police.  However, because that concession is not
clear, we will evaluate that statement=s admissibility. 

A court should not find an accused=s statement
inadmissible simply because the accused made the statement while in
custody.  See Stevens v. State,
671 S.W.2d 517, 520 (Tex. Crim. App. 1984). 
Whether police expressly or implicitly questioned the suspect at the
time the suspect made a statement determines the voluntariness of a statement.  Ramirez v. State, 105 S.W.3d 730, 741
(Tex. App.CAustin 2003, no pet.).  When an accused in custody spontaneously
volunteers information not in response to earlier interrogation by authorities,
the statement is admissible even though not recorded because it is not the
product of a custodial interrogation.  Stevens,
671 S.W.2d at 520; Sanchez v. State, 589 S.W.2d 422, 423 (Tex. Crim.
App. 1979); Meador v. State, 811 S.W.2d 612, 620 (Tex. App.CTyler 1989)
(holding statements made by appellant en route to the Justice of the Peace
office were voluntary and not the product of any custodial interrogation or its
functional equivalent), aff=d, 812 S.W.2d 330
(Tex. Crim. App. 1991). 








At trial, both Officer Lummus and Sergeant
Coker testified about appellant=s third
statement.  The prosecutor asked both
Officer Lummus and Sergeant Coker if the defendant made any voluntary
statements while being transported to jail. 
Both answered by referring to the same statement by appellant.  The record indicates appellant spontaneously
volunteered his statement to the police, and police did not elicit this
statement through questioning. 
Therefore, we find no error in the admission of this statement. 

B.                
Appellant=s
statement as to the location of Coleman=s
missing purse found under a pile of clothes in appellant=s bedroom

As a general rule, under
Article 38.22, section 3(a), oral confessions are inadmissible.  Tex.
Code Crim. Proc. Ann. Art. 38.22 '
3(a) (Vernon 2005).  However, section
3(c) provides an exception whereby unrecorded statements, which assert facts or
circumstances establishing the guilt of the accused, are admissible if, at the
time they were made, they contained assertions unknown by law enforcement but
later corroborated.  See id. ' 3(c); Moore v. State, 999
S.W.2d 385, 400 (Tex. Crim. App. 1999); Dansby v. State, 931 S.W.2d 297,
298 (Tex. Crim. App. 1996).  Thus,
subsequent corroboration of previously unknown facts in an oral statement will
make an unrecorded oral statement admissible. 
Woods v. State, 152 S.W.3d 105, 117 (Tex. Crim.
App. 2004).  Such corroborated
statements need only circumstantially demonstrate the defendant=s guilt.  Id.; Moore, 999 S.W.2d at
400B01. 

After making the unrecorded oral
statement, AWell that=s my cell
phone.  Her purse is over there where I=m staying,@ appellant also
told Officer Lummus where he stayed and where they could find the purse at that
location.  The police did not previously
know the purse=s location because the purse was not in
Coleman=s car where
Coleman left it.  Furthermore, Officer
Lummus testified she would not have discovered the location of the purse
without appellant=s statement because the purse was not
located at the address listed on appellant=s driver=s license.  Sergeant Coker testified he recovered the
purse exactly where appellant directed the officers, under a pile of clothes in
the bedroom where appellant slept. 








Appellant contends since he was charged
with drug possession and unauthorized use of a motor vehicle, and not with
taking the vehicle without consent, or with taking any of the vehicle=s contents, the
recovery of the purse was not the recovery of fruits of the offense, and
appellant=s statements about the purse should not
have been admitted over objection.  The
example given in section 3(c) of Article 38.22, Afinding of
secreted or stolen property or the instrument with which he states the offense
was committed,@ is illustrative only and is not a
limitation on the statements that may be found to be true and conduce to establish
guilt.  Gunter v. State, 858
S.W.2d 430, 447B48 (Tex. Crim. App. 1993).  The corroborated assertion of fact, the
location of the purse, unknown to the police at the time appellant made his
statement, conduces to establish the guilt of appellant as to the unauthorized
use of Coleman=s vehicle. 
See Moore, 999 S.W.2d at 400B01.  Coleman testified she filed a report with the
police that her missing vehicle also contained her purse, and officers found
Coleman=s purse hidden
under a pile of clothes in appellant=s bedroom,
circumstantially demonstrating appellant=s guilt.  See Woods, 152 S.W.3d at 117.  Thus, appellant=s unrecorded oral
statement leading the police to Coleman=s purse is
admissible. 

C.                
Appellant=s
statement that he got the car Afrom
a man named Billie Coleman@


Appellant=s statement that he got the car Afrom a man named Billie Coleman@ was part of the same conversation with
appellant about the location of Coleman=s
missing purse.  If any one of the
assertions appellant made is found to be true and establishes guilt, the entire
oral statement is admissible.  See
Baldree v. State, 784 S.W.2d 676, 684 (Tex. Crim. App. 1989); Gore v.
State, No. 14-01-01135-CR, 2002 WL 31525690, at *2 (Tex. App.CHouston [14th Dist.] Nov. 14, 2002,
pet. ref=d) (not
designated for publication).  Because
appellant=s
statement regarding the location of Coleman=s
purse contained facts found to be true and conduced to establish guilt, the
entire oral statement was admissible under Article 38.22, section 3(c).  See Moore, 999 S.W.2d at 400B01.








III.  CONCLUSION

We find no error in the admission of appellant=s three unrecorded oral statements and
overrule appellant=s sole
issue on appeal.  We affirm the judgment
of the trial court.  

 

 

 

 

 

/s/         John S. Anderson

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed November 17, 2005.

Panel consists of Chief Justice Hedges and Justices Anderson and
Mirabal.[1]

Do Not Publish C
Tex. R. App. P. 47.2(b).

 

 











[1]  Senior Justice
Margaret Garner Mirabal sitting by assignment.